■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BLACKFORD, Appellant.—Judgment unanimously reversed, on the law, and indictment dismissed. Memorandum: Felony complaints arising from defendant's involvement in an armed robbery of a Niagara Falls store were filed in Niagara Falls City Court on February 13, 1975. At that time, defendant was incarcerated in the Erie County Holding Center, located in Buffalo, on unrelated charges. The following day Niagara Falls police sent a copy of the warrant which had been issued on the basis of the felony complaints to the holding center as a detainer. Defendant was transferred to the Attica Correctional Facility on March 6, 1975 after being sentenced in Buffalo City Court for violating parole. On or about March 25, 1975 a letter was reportedly mailed from the Superintendent of the Attica Correctional Facility to the Niagara County District Attorney notifying him that the facility had received the detainer. The District Attorney asserts that his office has no record of receiving this letter. Defendant was notified of the outstanding Niagara Falls City Court warrant on May 8, 1975 and on September 26, 1975 the Niagara County District Attorney received a letter from him requesting that the warrant for his arrest be withdrawn on the ground that he had not been afforded a speedy trial. The District Attorney forwarded defendant's letter to Niagara Falls City Court following which, on November

3, 1975, an indictment was issued charging defendant with second degree robbery and third degree grand larceny. After the denial of his timely written motion to dismiss the indictment, defendant entered a plea of guilty to the reduced charge of third degree robbery. CPL 30.30 (subd 1, par a), provides that a defendant's motion to dismiss an indictment on the ground that he has been denied the right to a speedy trial must be granted where the People are not ready for trial within six months of the commencement of a criminal action in which a felony is charged. Inasmuch as felony complaints against defendant were filed on February 13, 1975, that is the date on which this criminal proceeding commenced (CPL, 1.20, subds 1, 16, 17; *People v Sturgis*, 38 NY2d 625). Since it is clear that the People were not ready for trial as of defendant's indictment on November 3, 1975, almost nine months after the commencement of the action, defendant's motion should have been granted unless a sufficient amount of this delay was attributable to circumstances which would toll the running of the statutory period (CPL 30.30, subd 4; *People v Bellach*, 58 AD2d 613; *People v Cahill*, 54 AD2d 938). The District Attorney concedes that no time intervals are subject to exclusion and joins in defendant's contention that the indictment should be dismissed. Upon an examination of the record, we find no circumstance warranting a denial of defendant's motion and, accordingly, the judgment should be reversed and the indictment should be dismissed. (Appeal from judgment of Niagara County Court—robbery, third degree.) Present—Marsh, P. J., Moule, Cardamone, Dillon and Witmer, JJ.