OPINION OF THE COURT
Gerard E. Delaney, J.
Defendant has been indicted for the crimes of robbery in the third degree and grand larceny in the second degree. The instant motion is one to dismiss the indictment on grounds of an alleged lack of speedy trial. (CPL 30.30, 210.20, subd 1, par [g].)
A. ISSUE
The issue before the court is whether People v Sturgis (38 NY2d 625) mandates a speedy trial dismissal of criminal charges under CPL 30.30 where more than six months have elapsed from the time of the filing of a local court felony complaint against an unavailable absentee defendant who was never arrested or arraigned on the felony complaint until after the six-month period had run, and for whom the People did not obtain an indictment and express their “readiness” for trial. The court finds Sturgis not applicable under such circumstances.
B. FACTS
Defendant is alleged to have committed the above crimes in the City of White Plains, New York, on June 29, 1980, *476 and fled from the scene. A photographic identification of defendant took place the same day and the White Plains police filed a felony complaint in the local court on August 1, 1980. A warrant of arrest was issued for defendant’s arrest on August 8, 1980. He was finally arrested-in the Borough of Queens, New York, on February 27, 1981 and brought back before the White Plains court on February 28, 1981, at which time the matter was adjourned until March 3, 1981 in order for defendant to obtain counsel. On March 3, 1981 an adjournment was granted at defendant’s request until March 6, and on that date the matter was further adjourned at his request until March 13,1981 for a felony hearing. At the conclusion of the felony hearing on the 13th, defendant was ordered held for the action of the Grand Jury of Westchester County. The instant indictment was filed on April 16, 1981. Defendant was arraigned on this indictment on April 27,1981, at which time the People also announced their readiness for trial.
C. LAW
Pursuant to CPL 30.30 and 210.20 (subd 1, par [g]) a felony indictment must be dismissed where the People are not ready for trial within six months of the commencement of a criminal action. For purposes of CPL 30.30, the criminal action commenced from the filing of the felony complaint on August 1, 1980. (See People v Osgood, 52 NY2d 37; People v Lomax, 50 NY2d 351; People v Sturgis, 38 NY2d 625, 627, supra; People v White, 32 NY2d 393, 398.) The period of time from August 1, 1980 until the People’s readiness on April 27, 1981 was 269 days — approximately three months past the six-month standard if no exceptions apply.
“[T]he right to a speedy trial guaranteed by CPL 30.30, which relates to prosecutorial readiness, is not dependent in any way on whether the defendant has expressed his readiness for trial” (People v Hamilton, 46 NY2d 932, 933-934; emphasis added), i.e., excepted from the six-month time limitation of CPL 30.30 (subd 1) is the “period of delay resulting from the absence or unavailability of the defendant. A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be deter *477 mined by due diligence” (CPL 30.30, subd 4, par [c]; emphasis added).
Given the three-month CPL 30.30 excess in this case, the first question under the CPL 30.30 (subd 4, par [c]) exception is whether the period of delay from August 1, 1980 until February 28, 1981 is a delay resulting from the absence or unavailability of defendant. (The period from February 28, 1981 until March 13, 1981 is excludable under CPL 30.30, subd 4, pars [b], [f].) The People claim that defendant was so “absent” since they allege his location was unknown and he was “avoiding apprehension” and the police were unable to determine his location by due diligence. If true, either of those two rationales will toll the operation of CPL 30.30. Second, however, is the Sturgis requirement that the delay in the People’s readiness for trial must be a result of the defendant’s absence. Specifically in Sturgis, a lengthy period of time of the defendant’s absence following her arraignment was held not to be attributable to her since the filing of the indictment was in no way impeded or prevented by her absence. (People v Sturgis, 38 NY2d 625, 628, supra.)
Of note in this instance is that nowhere does defendant dispute the facts alleged by the People that he was absent during the above period or that the police did act with due diligence in attempting to determine his location. No question of fact is thus presented on such issue and the court finds that the period from August 1, 1980 until February 27, 1981 was caused by defendant’s “absence or unavailability.” (Cf. People v Gruden, 42 NY2d 214; CPL 210.45, subd 5.) Indeed, it is clear that the thrust of defendant’s argument is under the Sturgis rationale, i.e., that even granting defendant’s absence, the People have not and cannot show that the delay in their readiness was caused by defendant’s conceded “absence”.
The circumstances herein recited call for a review of a previous decision of this court, People v Gonzales (County Ct, Westchester County, Index No. 79-00975-01, Feb. 25, 1980). In Gonzales a robbery took place in Yonkers, New York, on October 9, 1976. Gonzales was identified by photograph as the perpetrator on October 30, 1976 and a felony complaint was filed against him in the Yonkers City *478 Court on November 1, 1976. He was finally located and arrested in California on September 24, 1979, waived extradition and was returned to Yonkers on October 12, 1979. His felony hearing was held on October 15,1979 and the indictment was filed on December 4, 1979 when the People were ready. In denying, inter alia, defendant’s motion to dismiss under a CPL 30.30 rationale, this court held that the People’s readiness was delayed by defendant’s absence since as defendant had never been arraigned on the felony complaint, and the People had to proceed by sealed indictment (under CPL 210.10, subd 3) which would remain sealed until defendant’s arraignment thereon, that the People could not then be “ready” for trial until defendant’s “appearance” and the unsealing of the indictment. This court further held that the People’s readiness was delayed by reason of defendant’s absence in that since only a prior photographic identification of Gonzales had taken place, and lacking a proper foundation for an “in absentia” identification at trial under CPL 60.25 and 60.30, that the People could not prove the necessary “identity” element of any crime and were thus unable to be “ready” until defendant appeared at some stage of the prosecution so as to allow trial identity to be established.
It has been said that “[t]he speedy trial guaranteed by statute and the Federal Constitution serves three primary purposes: Tt protects the accused, if held in jail to await trial, against prolonged imprisonment; it relieves him of the anxiety and public suspicion attendant upon an untried accusation of crime; and finally * * * it prevents him from being “exposed to the hazard of a trial, after so great a lapse of time” that “the means of proving his innocence may not be within his reach” — as for instance, by the loss of witnesses or the dulling of memory.’” (People v Johnson, 38 NY2d 272, 275-276; cf. People v Osgood, 52 NY2d 37, 42, supra.) It is obvious whereas here, a defendant who has never been arrested and arraigned on the criminal charges though quickly charged thereon, and who has voluntarily absented himself from the local jurisdiction, is in a somewhat tenuous position when he tries to convince a court that he has been exposed to any of the risks cited above.
*479 Prior to Payton v New York (445 US 573), our State laws allowed police to arrest, without a warrant, a person who was believed to have committed a crime anywhere in the State and even out of State if in close pursuit. (Cf. CPL 140.05, 140.10, subd 3; 140.55.) Payton, however, held unconstitutional CPL 140.15 (subd 4) which allowed the police to make warrantless nonconsensual arrests in a suspect’s home for routine felonies, absent exigent circumstances. (There is no indication that the instant case was anything more than a routine felony.)
As indicated above, once the police had defendant Morris as a suspect, through the photographic identification, they filed the felony complaint two days later in order to gain the arrest warrant which can only issue, inter alia, when the criminal proceeding commences, i.e., after the filing of the accusatory instrument. (CPL 120.20.) It need hardly be stated that when seeking a criminal suspect at large that at the very least the police would initially seek to locate and arrest such person at his home. The ripple effect of Payton triggers the requirement of the police necessity for filing of the felony complaint; the court can issue the arrest warrant only after the complaint is filed; defendant can be arrested in his home, absent exigencies, only after the first two steps are completed, and finally, the fleeing suspect avoiding arrest has, under current case law (supra), caused the six-month provisions of CPL 30.30 to begin as well, unless it is found that his “unavailability” has, under Sturgis, “delayed” the People’s readiness.
It is conceded that the People cannot be ready for trial until after the filing of an indictment for felony offenses. (Cf. CPL 210.05; NY Const, art I, § 6; US Const, 5th Arndt.) Gonzales’ (supra) rationale of the People having to proceed by sealed indictment was based in part on the Appellate Division, Second Department’s, then current holdings that the six-month rule of CPL 30.30 within which the People must be ready for trial should be measured from the date the indictment was returned whenever the felony complaint had been dismissed and the defendant had not been held for the action of the Grand Jury. (See People v Osgood, 71 AD2d 1030, and People v Haynes, 72 AD2d 778.) Both cases, however, were reversed in December, 1980 by the *480 Court of Appeals (People v Osgood, 52 NY2d 37, supra), which held that the CPL 30.30 rule in such cases ran from the date of the filing of the felony complaint. Gonzales relied on Osgood and Haynes in conjunction with CPL 210.10 (subd 3), which states that if the defendant has not been previously held for the action of the Grand Jury and the filing of the indictment commences the criminal action, then the indictment must be sealed. The court, under Osgood (52 NY2d 37, supra), now must consider its Gonzales decision on the issue of delay by the requirement for sealed indictment no longer valid and finds that such would not vitiate “delay” under Sturgis (38 NY2d 625, supra).
That, however, is not dispositive of the entire CPL 30.30 issue. It should be noted that Osgood dealt with two cases where the defendants had actually been arrested and arraigned on the felony complaints filed against them (as was the case in Sturgis), coupled with excessive inexcusable delay by the prosecutor resulting in dismissal of the felony complaints below and the subsequent indictment by the People on the same charges as dismissed below. Citing People v Johnson (38 NY2d 271, supra) and People v Prosser (309 NY 353, 356), the Court of Appeals in Osgood (supra, p 42) found that the dangers sought to be prevented by the CPL 30.30 statute, e.g., possible loss of witnesses, anxiety and public suspicions of defendant remained in effect even though a brief interruption of prosecution had occurred. It cannot be said the same is true of a defendant who has never been arrested or arraigned on such accusatory instrument, and who may well be actually avoiding apprehension.
This court finds and holds that People v Sturgis does not apply to situations wherein an accusatory instrument has been filed in a local criminal court against a defendant who has not been arrested or arraigned thereon by reason of a further finding by the court that under CPL 30.30 (subd 4, par [c]) the defendant is “absent” by reason of his avoiding apprehension or prosecution or his location has not been able to be determined by due diligence on the part of the People.
*481 Such holding is predicated on the further analysis that if the court has determined that the defendant is attempting to avoid apprehension or prosecution, it has implicitly recognized that defendant, by such conduct, has waived his rights under CPL 30.30 and tolled the application thereof until, if and when he is apprehended and arraigned before the court. The statutory right to a speedy trial (CPL 30.30) may be waived (People v Friscia, 51 NY2d 845; People v Brothers, 50 NY2d 413, 418), as long as it is done knowingly, voluntarily and intelligently (Johnson v Zerbst, 304 US 458, 464; People v Epps, 37 NY2d 343, 350), and such waiver may be inferred by reason of the fact that the defendant is a fugitive from justice. (Cf. People v Epps, supra; People v Colombani, 22 AD2d 956, affd 16 NY2d 1055.) If the court has found that defendant is absent or unavailable and his location could not be determined despite the due diligence of the People, it can hardly be said that “delay” in the People’s readiness was caused by the People — certainly inasmuch as the People have expended such effort to locate an unavailable defendant, whereas here, the absent, unknowing defendant does not suffer the “anxiety” which the speedy trial provisions are said to attempt to prevent. It can also not be said that any absence of witnesses which may have occurred have been caused by the delay of the People if they are found to have exercised due diligence in seeking to locate him. Finally, it seems absurd to this court to find an interpretation of Sturgis which would require the People to proceed with the indictment of absentee defendants, never formally arrested or arraigned on the local felony complaint, many of whom may well never be apprehended or located, and thus incurring a tremendous administrative effort, wasted paperwork, court time and expense which could more profitably be used in the prosecution of offenders who at least have come physically under court control at some stage. This court does not believe Sturgis is applicable in such instance. To find a strict interpretation of Sturgis would be to reward the defendant who manages to avoid arrest during the six-month period from which the police are required by law to “commence” the action by the further necessity of obtaining an arrest warrant.
*482 Turning to the facts of this case, the court holds that the period of time from August 1,1980 until February 27,1981 is excluded under CPL 30.30 (subd 4, par [c]); that People v Sturgis is not applicable in this instance; that inasmuch as the People were ready for trial on April 27, 1981, such period was within the six-month provisions of CPL 30.30 (subd 1, par [a]) and now denies the defendant’s motion to dismiss on such grounds.
On Reargument July 20, 1981
This is a motion to reargue a previous decision of this court on June 10, 1981, in this same matter which denied defendant’s motion to dismiss his indictment for an alleged violation of statutory “speedy trial” provisions under CPL 30.30.
On reargument supplemental affidavits of the People clarify, for purposes of this motion, an ambiguity in their previously served identification notice (CPL 710.30). It appears that the “identification” of defendant on June 29, 1980 did not result in defendant being identified as the perpetrator of the crime, but only as an individual at the scene on the night of the crime. Such was “noticed” by the People apparently under that catch-all provision of CPL 710.30 (subd 1) requiring notice of prior identifications when they take place “upon some other occasion relevant to the case”.
Defendant was not identified by a witness who had “observ[ed him] at the time or place of the commission of the offense,” until July 30, 1980. It was this second identification which gave the police the “reasonable cause” to file the felony complaint (cf. CPL 100.40, subd 4, par [b]) which they did in two days on August 1, 1980. The previous decision of this court in this matter is modified only by changing the first sentence of the second full paragraph on page 479 to read as follows: “As indicated above, once the police had defendant Morris as a suspect through the photographic identification oh July 30,1980, they filed the felony complaint two days later on August 1, 1980, in order, among other reasons, to gain the arrest warrant which can only issue, inter alia, when the criminal proceeding commences, i.e., after the filing of the accusatory instrument.”
*483 The last sentence commencing on page 476 of such decision is also modified to read: “A photographic identification of defendant, which gave reasonable cause to connect him to the alleged crimes, took place on July 30, 1980 and the White Plains Police filed a felony complaint in the local court on August 1, 1980.”
It should be noted also that whereas defendant on his initial moving papers did not contest his “absence or unavailability” of the “due diligence” of the police in attempting to locate him, he does so now on this reargument (cf. CPL 30.30, subd 4, par [c]), and requests a hearing on same. (See People v Nowakowski, 49 NY2d 723.) While it is true that the People have the burden of proof in showing the exceptions apply under CPL 30.30 (subd 4, par [c]) (People v Williams, 67 AD2d 1094; cf. People v Hamilton, 46 NY2d 932), once having been informed that the People seek to apply such “exceptions” it is incumbent on defendant to deny such allegations to raise a factual dispute requiring a hearing. (Cf. People v Gruden, 42 NY2d 214, 215.) In People v Lomax (50 NY2d 351, 357), the court stated that a requirement of CPL 30.30 motions for dismissal was that defendant include in his moving papers “sworn allegations that there has been an unexcused period of delay in excess of the statutory minimum” (emphasis added). In the instant matter the defendant stated: “More important, any period of time that the defendant may have been absent cannot be counted against him because the People cannot show that any absence they might claim delayed the obtaining of an indictment (People vs. Sturgis, 38 NY2d 625, 628).”
Therefore, this court does now order a hearing to be held in County Court, Part II, prior to trial, at the convenience of the Judge presiding, to determine whether under CPL 30.30 (subd 4, par [c]) the period from August 1, 1980 to February 27, 1981 was excludable from the time specification of CPL 30.30 (subd 1, par [a]). This court thus withdraws its prior finding of fact on that issue; however, the holding that if such period is found to be chargeable to the defendant in these circumstances that People v Sturgis (38 NY2d 625) does not apply, remains in effect.