■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER RICE, Appellant. — Appeal by defendant from a judgment of the County Court, Dutchess County (Aldrich, J.), rendered February 6, 1979, convicting him of criminal sale of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to dismiss the indictment on the ground of preindictment delay. Judgment reversed, on the law, motion granted, indictment dismissed, and case remitted to the County Court, Dutchess County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. Defendant stands convicted of crimes which allegedly occurred on September 21, 1976. On October 22, 1976, an accusatory instrument was filed against defendant and an arrest warrant was issued. Defendant was not taken into custody on this warrant until October 7, 1977 following his arrest in Washington, D.C., on an unrelated matter. Thereafter, on October 20, 1977, he was indicted for these crimes. Prior to the trial, defendant moved to dismiss the indictment, on the ground of preindictment delay. At the hearing on that motion, the prosecutor elicited testimony as to the efforts made to ascertain defendant's whereabouts. Defendant took the stand in his own behalf, and asserted that he had no knowledge of the charges pending against him until his arrest in October, 1977. At the hearing, defendant contended that the preindictment delay was unwarranted because, as of October 22, 1976, the date of the arrest warrant, the People had "all of the evidence [they] needed to get an indictment". The County Court denied defendant's motion since, in the opinion of the court, defendant's absence from the State "tolled the statutory speedy trial provisions [CPL § 30.30, subd. 4 (c)]." There is no evidence in the record that "the finding of the indictment was * * * impeded or prevented by [defendant's] absence" (see *People v Sturgis*, 38 NY2d 625, 628; *People v Stanton*, 71 AD2d 932; cf. *People v Morris*, 109 Misc 2d 475). Therefore, the period of more than 11 months between commencement of the criminal action and the indictment, is chargeable to the People and the indictment must be

dismissed (see CPL 30.30, subd 1, par [a]; *People v Sturgis, supra*). Mollen, P. J., Titone, Thompson and Rubin, JJ., concur.