■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN RONZETTI, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Santagata, J.), rendered December 5, 1980, convicting him of criminal sale of a controlled substance in the sixth degree and criminal possession of a controlled substance in the sixth degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant argues that he was deprived of his statutory right to a speedy trial (CPL 30.30). When, as in the

case at bar, the defendant has shown the existence of a delay greater than six months from the date of the commencement of the action, "the burden of proving that certain periods within that time should be excluded falls upon the People" (*People v Berkowitz,* 50 NY2d 333, 349; see, also, CPL 30.30, subd 4, par [b]). The People have satisfied their burden since it is not disputed that numerous delays were requested by defense counsel during the preindictment period for the purpose of arranging for plea negotiations. These requests were clearly for the benefit of defendant and were properly excluded when computing the time within which the People were required to be ready for trial under CPL 30.30 (subd 4, par [b]). We note that in *People v Sturgis* (38 NY2d 625), a similar delay occasioned by defense counsel's request for an adjournment during the preindictment period was charged against the defendant. Accordingly, no violation of defendant's right to a speedy trial occurred here. We have considered the other points raised on appeal and find them to be without merit. Titone, J. P., Lazer, Brown and Niehoff, JJ., concur.