OPINION OF THE COURT
Burton G. Hecht, J.
The defendant, Alfredo Mouliere, is charged in this indictment with the crimes of attempted murder, second degree, robbery, first degree, and related counts. The charges stem from an incident that occurred on May 29, 1980 when the defendant allegedly robbed the complainant, Lisandro Parza, and then attempted to shoot him with a pistol. The complainant was also repeatedly stabbed in the stomach and back with a knife during this incident.
Upon investigation, the police officers handling this matter had reason to believe that the defendant had fled the jurisdiction to Puerto Rico to avoid arrest. On July 17, *1000 1980, a felony complaint was filed, and an arrest warrant was issued for Alfredo Mouliere by a Judge in Bronx Criminal Court.
The defendant was finally arrested at his brother’s apartment in The Bronx on March 25,1982. An indictment on this matter was not returned and filed until May 12, 1982.
Defense counsel now moves for a dismissal of the indictment pursuant to CPL 210.20 (subd 1, par [g]) and 30.30. He argues that the time period from the filing of the felony complaint until the indictment (approximately one year and nine months) exceeds the six-month statutory time period required for a trial of this defendant. (CPL 30.30, subd 1, par [a].)
A hearing on this matter was conducted and both sides have submitted written memoranda and made oral arguments before this court.
On a motion to dismiss an indictment for speedy trial grounds, the defendant has the initial burden of establishing by a preponderance of the evidence that he was denied his right to a speedy trial (CPL 210.45, subd 7). Once defense counsel has established this, it is then the prosecution’s burden to show that the time periods in question are excludable from the six-month statutory limitations (CPL 30.30, subd 4; People v Sturgis, 38 NY2d 625; People v Thill, 75 AD2d 709).
CPL 30.30 (subd 4) states that: “In computing the time within which the People must be ready for trial pursuant to subdivision * * * one [six-month rule] * * * the following periods must be excluded * * * (c) the period of delay resulting from the absence * * * of the defendant. A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence.”
As to the defendant’s “absence” Mr. Mouliere testified at the hearing before this court that he was always living with his brother in The Bronx during the one-year, nine-month time period in question. He also testified that he worked at a number of jobs during this period (some proof *1001 of employment was submitted by defense counsel). Mr. Mouliere also stated that he saw and greeted the complainant, Parza, on a number of occasions on the street.
The defendant’s testimony, however, was clearly refuted by the testimony of Nick Albaneze (a parole officer who at the time of this investigation was assigned to the absconder search unit of New York State parole office). Both he and Detective Louis Pagnotta submitted sworn affidavits as to their parts in the investigation of this case.
In summary, the two investigators had ascertained on June 29, 1980 that Mr. Mouliere had fled the jurisdiction and had gone to Puerto Rico. A felony complaint and arrest warrant were issued for the defendant’s arrest, and the Puerto Rican police authorities were notified. The evidence elicited shows that intensive efforts were then made by the two officers to locate the defendant. Numerous visits to the brother’s apartment (which included stakeouts of the area) proved unsuccessful. The officers also interviewed the complainant, Parza, defendant’s nephew, neighbors, representatives of Con Edison, the welfare department and the post office, possible places of defendant’s employment, etc., during this time period. At one point, the officers had learned that the defendant had been in an automobile accident. A check of the Motor Vehicle Bureau and police department records did indicate that someone with the defendant’s name had been involved in an automobile accident. On investigation, the address listed on the reports for the defendant (and allegedly given by him to the police) proved to be a vacant lot in The Bronx.
The defendant himself testified at the hearing that he had gone to Puerto Rico between April, 1980 and June, 1980. He also stated that he knew that his brother had been on trial (on an “acting in concert” theory) for the exact same offense to which Mr. Mouliere is now being charged (the brother was subsequently acquitted of all charges). Mouliere also testified that he knew that parole authorities had been looking for him and he knew that if arrested, he would be charged with violating his parole conditions.
The court finds that the evidence submitted establishes that the defendant was attempting to avoid apprehension or prosecution for the incident involving the complainant, *1002 Parza. His location was unknown to the two officers and they clearly exercised due diligence in their search for Mr. Mouliere. The court finds that the defendant’s testimony that he was living “openly” in The Bronx during the period in question to be not credible.
The remaining issue before the court, on the speedy trial motion, is to determine whether the period of delay in obtaining the indictment against this defendant resulted from the absence of this defendant. Counsel for the defendant relies on the case of People v Sturgis (supra; see, also, People v Rice, 87 AD2d 894) in support of his motion to dismiss this indictment. In that case, a felony complaint was filed against the defendant, Sturgis. While initially appearing for the calendar calls of the case, Sturgis, at some point, failed to appear for court proceedings and was absent for a period of some three months. After Sturgis was arrested, the prosecution then presented the case to the Grand Jury for indictment.
The Court of Appeals held that even though Sturgis had voluntarily absented herself during the three-month period, this did not “cause the delay” in the People’s failure to present the case to the Grand Jury. The Court of Appeals further held that the mere absence of the defendant alone will not relieve the prosecution from being “ready for trial” within the statutory time periods of CPL 30.30. The prosecution must prove that the defendant’s absence was a direct cause of the delay in the People not being “ready for trial” within the six-month time period. Because there was no indictment, the People could not be “ready for trial” within the six-month statutory time period, thus requiring the dismissal of the indictment.
A number of court decisions have expressed displeasure with the broad holding of the Sturgis decision. The cases point out that this holding seems to reward or encourage defendants in criminal cases to abscond once a felony complaint has been filed against them.
After much research by this court, and consideration of the memoranda of law submitted by both sides on this motion, the court has decided to deny the defendant’s motion to dismiss this indictment on speedy trial grounds.
*1003 There are basically two issues that the court has considered in deciding this motion.
I. Did the criminal action against the defendant “commence” with the filing of the felony complaint?
CPL 100.05 states that a criminal action against a defendant “commences” upon the filing of a felony complaint (see People v Osgood, 52 NY2d 37). The filing of the felony complaint usually occurs when the prosecution knows that the defendant is already in custody, or is expected to be in custody in the immediate future. In the case before this court involving Mr. Mouliere, however, this was not the case. The police never had the defendant in their custody until he was arrested on March 25,1982, a period of one year and nine months after the felony complaint was first filed.
The prosecution had to file the felony complaint on July 17, 1980, because their investigators had learned that the defendant had fled to Puerto Rico (this fact was borne out by the defendant himself at the hearing). The filing of the felony complaint was necessary so that the People could then obtain a court-ordered arrest warrant for Mr. Mouliere. The Puerto Rican authorities were then notified of the arrest warrant by the Bronx District Attorney’s office. With the court-ordered arrest warrant, the Puerto Rican police could conduct their own investigation as to the defendant’s whereabouts. If arrested in Puerto Rico, the defendant could then have been extradited back to New York to face the charges against him. Without the arrest warrant, the Puerto Rican police would have had no authority to arrest the defendant even if they knew where he was located (or even if they were able to arrest Mr. Mouliere on other charges). The defendant could not have been extradited back to New York without the court-ordered arrest warrant. Unlike the Sturgis case {supra, which is factually distinguishable from the case here), the prosecution and the New York police never had jurisdiction over Mr. Mouliere. Under the facts and circumstances of this case, this court cannot hold that the criminal action “commenced” upon the mere filing of the felony complaint. The main purpose in filing the felony complaint was to obtain an arrest warrant for Mouliere, who the police reasonably *1004 believed had fled the jurisdiction to Puerto Rico. The arrest warrant was the only means by which they could hope to have Mr. Mouliere arrested in Puerto Rico. It was the only means by which they could have extradited him back to New York. If the prosécution had not done this, Mr. Mouliere could never have been arrested in Puerto Rico to face the charges against him in New York. The only hope then of ever arresting Mr. Mouliere would have been if he voluntarily returned to New York. It was not the intent of the Legislature in enacting CPL 30.30 to hold that the six-month speedy trial time period starts with the filing of the felony complaint, when it is filed solely for the purpose of obtaining an arrest warrant, tinder such circumstances, the time restrictions of CPL 30.30 should be tolled until the defendant is actually arrested. To hold otherwise would only encourage suspects to evade the police and the court system in the hope that the speedy trial time would run out before the suspect is apprehended.
The same injustice is faced in the following situation. Suppose the police had information that the defendant had been hiding at his brother’s house back on July 17, 1980. According to Payton v New York (445 US 573), the police would have first been required to file a felony complaint, for the issuance of an arrest warrant against Mr. Mouliere. This is because absent exigent circumstances, the police could not have entered the brother’s home to arrest Mr. Mouliere without such a warrant. Yet, suppose after doing all of this, the police discover that Mr. Mouliere is not in the brother’s home. Should a court hold that the speedy trial time has begun to run against the prosecution in these circumstances just because a felony complaint was filed? Or should the police, faced with this dilemma, be forced into going into the brother’s apartment without an arrest warrant and possibly having any evidence obtained subsequently suppressed by the court, because of the illegal arrest? Clearly the sensible and most reasonable approach to handling these situations is for a court to consider objectively, based on all of the facts and circumstances known to it, whether or not the filing of the felony complaint should be considered as actually commencing the criminal action or whether it was for some other *1005 purpose. Where the purpose of filing of the felony complaint is solely for the purpose of obtaining the arrest warrant, then the criminal action should not be deemed to have commenced for speedy trial purposes, until the defendant is actually arrested. The State Legislature should also consider allowing the prosecution to obtain an arrest warrant for a suspect without the present necessity of first filing a felony complaint.
In the motion in question, this court holds that the criminal action did not actually commence until Mouliere was actually arrested. Therefore the speedy time period of CPL 30.30 has not yet been exceeded by the prosecution.
II. Is the delay resulting from the defendant’s absence excludable if it is the District Attorney’s policy not to seek indictments against fugitive defendants?
In People v Williams (56 NY2d 824), the prosecution presented a new argument, in the hope that the Court of Appeals would carve out an exception to the rule set forth in the Sturgis decision (supra). The Manhattan District Attorney’s office argued that it was the policy of the office not to present cases to the Grand Jury for indictment against fugitive defendants. (The Williams case is also distinguishable from the case before us as Williams had been arrested, arraigned and evidently made bail before absconding.) In the Mouliere case the defendant was never in the custody of the police and under the jurisdiction of the court until some one year and nine months after the arrest warrant was issued. While the Court of Appeals upheld the dismissal of the indictment on speedy trial grounds, they never reached the issue presented by the prosecution because there was “neither proof nor finding in the record supporting the contention that the prosecutor has adopted such a policy or that it was actually the cause of the delay in this case” (p 826).
At the hearing conducted on this motion John Moore, chief attorney of the Felony Case Bureau of the Bronx District Attorney’s office, testified before this court. He stated and proved to this court’s satisfaction that it was the office policy of the Bronx District Attorney’s office not to indict fugitive defendants in The Bronx. This policy decision is based on a number of reasons.
*1006 Mr. Moore testified that it would be useless to indict a defendant who has absconded, because once indicted the case would then be in limbo.*
Besides being a waste of effort (especially if the defendant is never apprehended), such actions would then involve a large amount of paperwork, court time and court expense. In light of recent criticisms involving the backlog of cases before the courts in New York City, it makes no sense to this court to add to this backlog by having indictments against defendants whose whereabouts are unknown. It would be more profitable to concentrate the courts’ limited resources on cases that can actually be disposed of or that can go to trial.
As previously stated any possible prejudice in not indicting fugitive defendants would only inure to the People, due to the possible loss of witnesses or the dulling of witnesses’ memories, or through the loss of evidence. It makes no sense to force the prosecution to indict a defendant whose location is unknown, so that they can be deemed “ready for trial”, when in fact they will not be able to proceed to trial. To hold that all of the charges must be dismissed because of the failure to indict (once a felony complaint has been filed and the statutory time period has run out), would be unconscionable and clearly not the intent of the Legislature in the passage of CPL 30.30. This would encourage suspects or defendants to abscond once an accusatory instrument has been filed.
The interests of justice must serve the prosecution (and the people they are assigned to protect) and the defendant. This court finds that the office policy of the Bronx District Attorney’s office in not indicting fugitive defendants even though an accusatory instrument has been filed is a fair and reasonable policy. The policy meets the requirement of due process for our society, our criminal justice system and the defendant.
Therefore, Mr. Mouliere’s voluntary absence from the jurisdiction of the police and the courts caused the delay in *1007 the criminal proceedings in this matter so that the People could not be “ready for trial” (CPL 30.30, subd 4). All of the time between the filing of the indictment until the defendant’s arrest is excludable time.
For the foregoing reasons the defendant’s motion for dismissal of the indictment on speedy trial grounds is denied.

 A recent decision from the Court of Appeals, People v Parker (57 NY2d 136), would indicate that the defendant could not be tried in absentia, since the defendant was not informed in some manner of the right to be present at trial and the consequences of his failure to appear at trial (see People v Johnson, 37 NY2d 778; People v Epps, 37 NY2d 343, cert den 423 US 999).