OPINION OF THE COURT
Duncan S. McNab, J.
The defendant has been indicted for the crimes of robbery in the first degree, grand larceny in the second degree, grand larceny in the third degree and criminal use of a firearm in the first degree. The defendant now moves to dismiss the indictment pursuant to CPL 210.20 (subd 1, par [g]) and 30.30 (subd 1, par [a]) on the grounds that he was denied a speedy trial in that the People were not ready for trial within six months from the commencement of the action.
FACTS
It is alleged that the defendant, on February 20, 1981 entered Beerman Jewelers in Yonkers, and forcibly stole property from Lena Moreira and Geraldine Lally, and *958 during the commission of the crime displayed what appeared to be a firearm. During the course of the police investigation, the defendant was identified from a photo array by each of the victims on February 28, 1981 and March 2, 1981.[1]
On March 5, 1981, a felony complaint was filed with Yonkers City Court charging the defendant with robbery in the first degree. A bench warrant was issued. The defendant’s whereabouts remained unknown despite efforts by the Yonkers Warrant Squad to locate him. On March 5, 1982, the F.B.I. informed the Yonkers Police Department that the defendant was arrested in San Francisco under the name “William Ecoto.” On October 13, 1982, the Yonkers Warrant Squad was again advised by the F.B.I. that the defendant was arrested in New York City under the name “William Francisco.” A warrant was lodged at Hikers Island on October 20, 1982.
The case was presented to the Grand Jury on November 30,1982 and the present indictment was filed on December 7,1982. The defendant was arraigned on the indictment on January 10, 1983 and the People declared their readiness for trial.
The defendant had other unrelated charges pending. On December 12, 1980, a bench warrant was issued by the Yonkers City Court for the crime of possession of burglar’s tools. On February 4,1980, a bench warrant was issued by the New York City Criminal Court for charges pending there.
ISSUE
Whether, under People v Sturgis (38 NY2d 625), the delay of 21 months between the filing of the felony complaint (March 5, 1981) and the filing of the indictment (Dec. 7, 1982) should be charged to the People where the defendant was never arrested or arraigned on the felony complaint and was unavailable for trial.
LAW
The defendant contends that the People were not ready for trial within six months from the date the criminal prosecution was started as required by CPL 30.30 (subd 1, *959 par [a]). The filing of the felony complaint on March 5, 1981 commenced this criminal action (CPL 1.20, subd 17; People v Osgood, 52 NY2d-37). The People are not ready for trial until such time as an indictment has been filed (CPL 1.20, subd 3). Clearly, the People were not ready for trial within six months from the date the action was commenced. While the People do acknowledge that they did not mark the case until December 27, 1982, they seek to exclude this period by relying on the tolling provision of CPL 30.30 (subd 4, par [c]), which reads as follows:
“4. In computing the time within which the people must be ready for trial * * * the following periods must be excluded * * *
“(c) the period of delay resulting from the absence or unavailability of the defendant. A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined with due diligence. A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence”.
It is incumbent upon the court to determine at the onset if the defendant was unavailable, thus triggering the statute’s tolling provision. Since the defendant has not raised any allegation to the contrary, by implication the defendant is conceding that the defendant was unavailable. Even without this concession, the court is compelled to find that the defendant was unavailable for the entire period in question. The defendant’s whereabouts were not known, despite the best efforts of the Yonkers Warrant Squad to locate him. Added to this is the fact that the defendant failed to make court appearances on other pending unrelated matters in Yonkers and New York City. When the defendant was located by the F.B.I. in San Francisco, he was using an alias. These facts evince an attempt by the defendant to avoid apprehension and a deliberate attempt to keep his whereabouts unknown. As such, this court finds that the defendant was unavailable for the entire period in question.
Having determined that the defendant was unavailable, it would seem to be a short step for the court to find, *960 pursuant to CPL 30.30 (subd 4, par [c]), that the entire period is excluded, and thereby deny the defendant’s motion. Such would be the determination if it were not for People v Sturgis (38 NY2d 625, supra), relied upon by the defendant. In Sturgis, the Court of Appeals held “for the time to be excludable under CPL 30.30 (subd 4, par [c]) there must be more than mere absence or unavailability. Explicitly under the statute, delay must result therefrom. Defendant’s absence * * * did not result in a delay, attributable to her, since the finding of the indictment was in no way impeded or prevented by the absence.”[2] It is the defendant’s contention that Sturgis stands for the proposition that because the delay in presenting the indictment was in excess of the statutory six-month period, it must be charged to the People because the defendant’s unavailability, as a matter of law, did not result from the defendant’s absence. This court does not agree that Sturgis should be so interpreted.
To interpret Sturgis {supra) as the defendant would have that decision interpreted takes the holding out of its factual context and expands it beyond its scope. In Sturgis, a felony complaint was filed on April 2, 1973. The defendant was arraigned on this felony complaint and subsequently became unavailable. The indictment was not presented to the Grand Jury until November 2, 1973. The delay in presenting the case to the Grand Jury was not due to the defendant’s unavailability but to the People’s administrative failure to move the case. The court stated that the reasons for the delay, quoting from the People’s affidavit: “ ‘[t]he People contend that the Court take cognizance of previous affidavits submitted * * * indicating a backlog of cases, an inadequate staff and a system of priorities in the District Attorney’s office’ ”.[3]
The Sturgis court was saying that the defendant’s unavailability did not impede the People from presenting this case to the Grand Jury; the delay resulted from other administrative problems in the District Attorney’s office. It just happens that the defendant was unavailable during the time that this matter was held for the action of the Grand Jury.
*961 Other cases which have considered Sturgis (supra) have also come to the same conclusion. In People v Hamilton (46 NY2d 932), the court granted the defendant’s motion to dismiss (on speedy trial grounds, i.e., the indictment was not filed within six months from the commencement of the action). In Hamilton, citing Sturgis, the court stated that the People’s excuse, a need to investigate further, was not supported by the evidence. In People v Floyd (61 AD2d 844), the court, citing Sturgis, held that the unexplained delay of more than six months between the time that the defendant was held for the actions of the Grand Jury and the return of the indictment denied him a speedy trial. In that case, a felony complaint was filed on November 28, 1975, and the felony hearing was concluded on February 6, 1976. The indictment was not filed within six months from the conclusion of the felony hearing and the People could not offer any reasons to justify the delay. Based upon these facts, the court’s reliance on Sturgis to dismiss the indictment indicates that the court is interpreting Sturgis to mean that a dismissal will only be granted when the delay by the People results solely from the fault of the People to use due diligence in the prosecution of the felony complaint. In People v Blackford (62 AD2d 1173) a felony complaint (alleging an armed robbery) was filed in the Niagara Falls City Court on February 13, 1975. At that time the defendant was incarcerated in the Erie County Holding Center, located in Buffalo, on unrelated charges. The defendant was subsequently transferred to Attica Correctional Facility on March 6, 1975. On March 25, 1975, the Superintendent of the Attica Correctional Facility advised the Niagara County District Attorney that he received a detainer for the defendant for the pending charges there. On November 3, 1975, an indictment was issued for the charges pending in Niagara County. The court granted the defendant’s motion to dismiss, citing Sturgis (38 NY2d 625, supra) because of the unexcused delay of nine months before the commencement of the action and the time of filing the indictment. The District Attorney conceded that there were no circumstances which would toll the statute. Based upon these facts, the court’s reliance on Sturgis indicates that the court was reading Sturgis for the proposition that when there is an unexcused *962 delay, caused by the People’s lack of diligence to prosecute, failure to indict within the proscribed statutory six-month period will result in a dismissal of the indictment. In People v Stanton (71 AD2d 932), the People alleged that the delay was caused by their need for a witness. The court granted the motion to dismiss, again citing Sturgis, because there was ample evidence to indict without this witness. Once again, the delay was the fault of the People to exercise due diligence to prosecute in a timely manner. Similar results occurred in People v Thill (75 AD2d 709).
The People must be ready for trial within six months from the date the criminal action commenced. The People can avoid dismissal if they show diligence and lack of fault on their part for the delay (People v Gruden, 42 NY2d 214). In the afore-mentioned cases, when citing Sturgis (supra), the court found that the delay resulted from the People’s failure to diligently prosecute the cases. The belated excuses by the People of a need for a witness or that the defendant was not available was held not sufficient to deny the motion to dismiss. It does not follow and no case has held, as a matter of law, that a showing by the People of a need for a witness or the defendant’s unavailability cannot be used by the People to avoid dismissal of the indictment.
The defendant relies strongly on People v Rice (87 AD2d 894). In Rice the underlying facts are not presented for consideration. All that we know is that the accusatory instrument was filed on October 22, 1976. The defendant was indicted on October 20, 1977. During this period, the defendant was unavailable and was finally located following his arrest in Washington, D. C. The court in Rice held “[t]here is no evidence in the record that The finding of the indictment was * * * impeded or prevented by [defendant’s] absence’ ”[4] citing Sturgis (supra), Stanton (supra) and People v Morris (109 Misc 2d 475). In People v Morris, the court, in an identical situation to the case at bar, held that when the defendant’s unavailability is the sole cause of the delay, the period of the defendant’s absence tolls the statutory six-month period. Finally, the defendant relies on People v Williams (56 NY2d 824) in support of his contention for dismissal. In Williams, the defendant was arrested *963 and arraigned on the felony complaint on July 8,1979. The case was adjourned to July 12 and then adjourned again to August 1 when the defendant was released from custody. On August 1 the defendant failed to appear and a bench warrant was issued. The defendant was returned to the court on October 2. A new hearing was set for October 12 and defendant was released on bail. The October 12 hearing was adjourned to October 31, at which time the defendant failed to appear again. On May 2,1980, the defendant was returned to the court and indicted on May 30, 1980. The defendant moved to dismiss on the grounds that the People were not ready for trial within six months from the date the action commenced. The court granted the motion, citing Sturgis (38 NY2d 625, supra). Although the defendant was unavailable, the defendant’s absence was not the reason for the delay. It appears that the People’s failure to proceed on the scheduled hearing dates allowed the defendant to be released from custody. Had the People proceeded expeditiously to prosecute this defendant, he could not be released from custody: Here again, it was not the defendant’s absence which resulted in the delay, but the People’s failure to prosecute when the case was called for a hearing. The Williams court, by way of dicta, added a new dimension concerning absent defendants. The court left open the question whether a policy by the District Attorney’s office not to prosecute unavailable defendants is excludable as a period of delay resulting from the defendant’s absence as being within the meaning of CPL 30.30 (subd 4, par [c]).
The appellate courts, except for People v Rice (supra), have not been faced with a fact situation as presented here. Clearly, once a defendant has been arraigned, it is incumbent on the People to move the case to trial within six months. The defendant’s unavailability does not prevent the People from proceeding to trial. Where a defendant becomes unavailable prior to the commencement of the criminal proceeding, it could be argued, as in Sturgis (supra), that the defendant’s absence does not impede the prosecution from commencing an action and being ready for trial within the six-month statutory period. Several lower courts have taken this approach (People v Cruz, Supreme Ct, Westchester County, indictment No. 81- *964 00300-01, filed Aug. 10, 1982, Ingrassia, J.; People v Bratton, County Ct, Westchester County, indictment No. 82-01032-01, filed March 25, 1983, Rosato, J.).
Aware of this possible expanded interpretation, the court in Williams (supra) has indicated that the reasoning of Sturgis (supra) should not be expanded. In essence, Williams implies that a defendant’s unavailability triggers the District Attorney’s policy not to prosecute absent defendants, who have become unavailable prior to the commencement of legal proceedings. Thus, the defendant’s unavailability results in the delay, and the period of the defendant’s absence tolls the statutory six-month period.
In Bratton (supra), Judge Rosato held an extensive hearing on the policy of the Westchester County District Attorney’s office regarding absent defendants. Judge Rosato found that there is a policy in the Westchester County District Attorney’s office (albeit in unwritten form) not to prosecute cases to the Grand Jury in cases where the defendant is unavailable. There are 422 “felony complaint — fugitive cases” presently outstanding. This large number of cases bolsters the District Attorney’s argument as to the genuineness of their policy. The policy having been established, this court, applying Williams (supra), finds the defendant’s unavailability resulted in the delay and the statutory period is thereby tolled.
Aside from Williams (supra), other legal issues enter into consideration. The speedy trial provision of CPL 30.30 (subd 1, par [a]) is only a statutory right given to the defendant. “The statutory right to a speedy trial (CPL 30.30) may be waived (People v Friscia, 51 NY2d 845; People v Brothers, 50 NY2d 413, 418), as long as it is done knowingly, voluntarily and intelligently (Johnson v Zerbst, 304 US 458, 464; People v Epps, 37 NY2d 343, 350), and such waiver may be inferred by reason of the fact that the defendant is a fugitive from justice. (Cf. People v Epps, supra; People v Colombani, 22 AD2d 956, affd 16 NY2d 1055.)” (People v Morris, 109 Misc 2d 475, 481, supra.)
The statutory right to a speedy trial was designed to protect the defendant. The defendant, by his own act of being unavailable, cannot convert the statute from being a *965 shield into a sword. By his own acts, he waives the protection of the statute. (Cf. Matter of Holtzman v Hellenbrand, 92 AD2d 405.)
In situations such as this the People have no alternative but to file a felony complaint and commence a criminal action. Until such time as the criminal action commences, the People cannot obtain an arrest warrant, search warrant or seek extradition (People v Morris, 109 Misc 2d 475, supra; People v Mouliere, 118 Misc 2d 999). To apply Sturgis (supra) in the way requested by the defendant would work a great injustice. Only by tolling the statutory period can this injustice be corrected.
The law abhors the doing of useless acts. Clearly, were the People to obtain an indictment in the defendant’s absence, the trial could not proceed, even in absentia. The defendant must knowingly, intelligently and voluntarily waive his presence at the trial (People v Parker, 57 NY2d 136). It would not be until the defendant was before the court and completed all pretrial motions that the matter would be finally tried. As such, the defendant (and the People) are in the exact same position whether or not they obtain an indictment immediately or wait until the defendant is available for trial. To require the People to obtain an indictment, and continually calendar it for record-keeping purposes, serves no useful purpose.
The delay in presenting the case to the Grand Jury works to the benefit of the defendant. The defendant is given an opportunity to appear before the Grand Jury and to negotiate with the District Attorney before lengthy, and oftentimes expensive, legal proceedings get underway. Where the benefits inure to the defendant, Sturgis (supra) recognizes that the period involved not be charged against the People (People v Ronzetti, 88 AD2d 982).
For all of the above reasons, the defendant’s motion to dismiss the indictment on the ground that he was denied a speedy trial is denied.

. Each victim separately identified the defendant on the respective dates.

. People v Sturgis, 38 NY2d 625, 628.

. People v Sturgis, 38 NY2d 625, 628.

. People v Rice, 87 AD2d 894.