■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS KLAUS, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered June 29, 1982, convicting him of two counts of conspiracy in the fourth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial of defendant's motion to dismiss his indictment on the ground that he had been denied his statutory right to a speedy trial. By order dated May 16, 1983, this court remitted the case to the County Court, Nassau County, to hear and report on the question of whether defendant was deprived of his statutory right to a speedy trial and held the appeal in abeyance in the interim (*People v Klaus,* 94 AD2d 748). The County Court (Harrington, J.), has now complied. Judgment reversed, on the law and the

facts, motion granted, indictment dismissed, and case remitted to the County Court, Nassau County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The record, including the hearings held herein, reveals that a felony complaint was filed on June 4, 1980, the indictment was handed up on December 15, 1980, and the People responded that they were ready for trial on December 16, 1980. When, as in the case at bar, the defendant has shown the existence of a delay greater than six months from the date of the commencement of the action, "the burden of proving that certain periods within that time should be excluded falls upon the People" (*People v Berkowitz,* 50 NY2d 333, 349; see, also, CPL 30.30, subd 1, par [a]; subd 4, par [b]). Upon this court's order of remittal, the County Court concluded that the People had failed to prove the existence of excludable time such to render them in compliance with the speedy trial rule set forth in CPL 30.30 (subd 1, par [a]). We agree.

The bulk of the delay here was preindictment delay. "For preindictment delay to be chargeable to defendant it must be shown that the delay was attributable to defendant, that the indictment was impeded or prevented by defendant's actions" (*People v Thill,* 75 AD2d 709, 710, revd on other grounds 52 NY2d 1020; see, also, *People v Sturgis,* 38 NY2d 625; *People v Rice,* 87 AD2d 894; *People v McCaffery,* 78 AD2d 1003; cf. *People v Rushlow,* 94 AD2d 933; *People v Ronzetti,* 88 AD2d 982). The evidence establishes that at the time of defendant's arrest, he and his attorney told the District Attorney that defendant did not want to cooperate in any plea bargaining negotiations, and thereafter, at his arraignment, defendant waived the case to the Grand Jury. Defendant's attorney testified that thereafter he thought the case would be presented to the Grand Jury, and that since this was a "large" case there would probably be no activity until there was an indictment. The People, however, apparently without the knowledge of defendant and his attorney, placed the case on the Conference Calendar on July 7, 1980 to see if a possible disposition could be worked out. Assistant District Attorney Weiss testified that "I was looking to see whether various defendants were interested in cooperating and if not whether I could whittle down a big multi-defendant case by either lesser pleas or sentence recommendations". Defense counsel did not appear in court on July 7 and, according to the People, the matter was adjourned to July 8 after a telephone call to defendant's attorney's office at which time someone in the office requested an adjournment. On July 8, defense counsel did not appear in court and, according to the People, the matter was

adjourned to July 21 after a telephone call to defendant's attorney's office, but it was erroneously referred back to the local criminal court. On July 21, defense counsel again did not appear in court and the case was adjourned to August 4, and properly returned to the County Court. Assistant District Attorney Weiss testified that he did not know who requested the August 4 adjournment.

Defendant's attorney testified that he never requested any adjournment for the purposes of a plea bargaining conference, did not know the purposes of the above appearances, and thought the matter would be presented to the Grand Jury. Defense counsel further testified that he did not recall requesting any adjournment at all in the matter from June to December, 1980, but he acknowledged that if his office had been called because he did not appear, his office probably requested adjournments. On August 4 both the People and defense counsel appeared in court at which time the matter was adjourned to September 4. Assistant District Attorney Weiss testified that he had no recollection of what had happened on August 4, although a calendar notation indicated that the case was adjourned at the defendant's request. Defense counsel did not recall requesting an adjournment on that date or any other date, and defense counsel challenged the accuracy of all calendar notations. On September 4 the case was adjourned awaiting presentation to the Grand Jury, which returned an indictment on December 15, 1980.

While the People seek to exclude certain of the above time periods as adjournments requested by defendant within the meaning of CPL 30.30 (subd 4, par [b]), the evidence indicates that these adjournments, even if some are deemed to have been requested by defendant, did not result in any delay in the handing up of the indictment. The defendant and his attorney had communicated early on in the proceedings that they were not interested in plea negotiations and sought Grand Jury action. It appears that defense counsel was not even aware the case had been placed on the Conference Calendar until sometime between August and September 4, 1980, when, according to Assistant District Attorney Weiss, defense counsel made it clear that no plea bargaining was possible. Significantly, Weiss never testified to having informed the defendant or his attorney that the case had been placed on the Conference Calendar. Defense counsel's office appears to have routinely adjourned the matter in his absence on July 7 and 8. Finally, it must be noted that the August 4 adjournment should not be charged to defendant despite the calendar notation indicating that the case was ad-

journed at defendant's request. Calendar notations are not binding, and especially in view of defendant's challenge to the notations and the fact that neither the Assistant District Attorney nor defense counsel remembered what transpired on August 4, the August 4 calendar notation should not be relied upon here. Gibbons, J. P., Thompson, Bracken and Niehoff, JJ., concur.