Memorandum. The principle issue, on the motion for dis *627 missal of the indictment upon the ground of denial of a speedy trial, is whether, in computing the six-months period specified in CPL 30.30 (subd 1, par [a]) a' period of two and one-half months during which defendant was absent prior to indictment should have been excluded.
On April 2, 1973, a felony complaint was filed charging defendant with possession of a loaded firearm (Penal Law, § 265.05, subd 2) and escape in the second degree (Penal Law, § 205.10, subd 2). She was indicted for these crimes on November 2, 1973 and, according to defendant’s filed memorandum, the case was placed on the Trial Calendar of the County Court of Monroe County on January 23, 1974.* Defendant’s motion for dismissal made on February 25, 1974, pursuant to CPL 210.20 (subd 1, par [g]) and in accordance with CPL 30.30 (subd 1, par [a]), was denied. After trial, defendant was found guilty of escape in the second degree but, upon the jury’s inability to reach a verdict on the weapons count, that charge was subsequently withdrawn.
Except as otherwise provided in CPL 30.30 (subd 3), not relevant here, a motion made pursuant to CPL 210.20 (subd 1, par [g]) must be granted where the People are not ready for trial within six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony (CPL 30.30, subd 1, par [a]). A criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court (CPL 1.20, subd 17) and, in computing the time within which the prosecution must be ready for trial pursuant to CPL 30.30 (subd 1) certain periods must be excluded (see CPL 30.30, subd 4).
Nine months and 21 days elapsed from April 2, 1973, the date of commencement, until January 23, 1974, when the case was moved to the Trial Calendar. To be deducted therefrom is a delay of nine days, from April 7 to April 16, 1973, occasioned by defendant’s counsel’s request for an adjournment (CPL 30.30, subd 4, par [b]) and a period of four days, from April 16 to April 20, 1973, during which a Judge of the City Court of Rochester retained all papers pertaining to the action before submitting them to the District Attorney (CPL 30.30, subd 4, par [g]).
*628 Under CPL 30.30 (subd 4, par [c]), there must also be excluded: "the period of delay resulting from the absence or unavailability of the defendant. A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence. A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence.” Under the instant facts, the County Court had a right to find that, from August 18 to November 26, 1973, defendant was absent. On the earlier of these dates, a bench warrant was issued against defendant by a Town Court of Monroe County based on incidents occurring the day before when she was alleged to have committed a larceny at a store and to have damaged two cars in attempting to get away from security guards. Later that month, bench warrants were issued by two other courts in Monroe County based on defendant’s failure to appear in connection with separate criminal charges unrelated to those here. On October 12, 1973, defendant was arrested in Orange County under an alias and failed to appear in that county on November 2, 1973, to which date the matter had been adjourned. Eventually, on November 26, 1973, defendant was arrested on other felony charges lodged in the City Court of Rochester.
However, for time to be excludable under CPL 30.30, (subd 4, par [c]) there must be more than mere absence or unavailability. Explicitly under the statute, delay must result therefrom. Defendant’s absence from August 18 to November 2, 1973, when the indictment was returned, did not result in a delay, attributable to her, since the finding of the indictment was in no way impeded or prevented by the absence. On October 24, 1973, which was more than six months after the matter was referred to the Grand Jury and also more than six months after the papers were submitted to the District Attorney by the City Court Judge, a "notice was sent to defendant to appear in Grand Jury for 10/29/73 and was never received”. There is nothing to indicate that defendant had ever requested an appearance before the Grand Jury. Indeed, the lack of relation between defendant’s absence and the delay in indicting is apparent from the affidavit of the Assistant District Attorney stating: "The People contend that the Court take cognizance of previous affidavits submitted [apparently in other matters] indicating a backlog of cases, an inadequate *629 staff and a system of priorities in the District Attorney’s, office”. The record is barren of a showing of "exceptional circumstances” under CPL 30.30 (subd 4, par [g]).
Since the period between the commencement of the criminal action and the time when the People were ready for trial, after deducting periods properly excludable, exceeded six months, the order of the Appellate Division must be reversed and the motion to dismiss granted.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.

 The People’s brief in this court indicates that the matter was placed on the Trial Calendar on February 19, 1974.