Fuchsberg, J. (dissenting).
The main issue on this appeal is whether the People violated the obligation imposed upon them by CPL 30.30 (subd 1, par [a]) to be ready for trial within six months after the commencement of a criminal action in which one of the charges is a felony.
The facts are not disputed. On June 27, 1972, Leola Goodman filed a complaint against her husband, Ernest Goodman, for assault in the second degree, a class D felony, as a result of acts committed during a domestic quarrel on June 18, 1972. However, he was not indicted until February 1, 1973, more than seven months later. Having been held in jail by then without being brought to trial for a period in excess of six months, defendant moved to dismiss the indictment because of the People’s failure to prosecute within the time limited by the statute. The motion was denied. On March 5, 1973, still confined, he elected to plead guilty and thereafter appealed.
On the initial appeal, the Appellate Division, by a vote of 3 to 2, remitted for a hearing by the Albany County Court to determine whether any periods of the delay that had ensued *891 between the time of the filing of the complaint and the time when he took the plea should be excluded from the period within which the People were required to be ready for trial (44 AD2d 862). Justices Kane and Main, who dissented, would have dismissed the indictment at that juncture.
Testimony at the hearing established that the wife had been hospitalized for approximately five weeks for treatment of her injuries and that she had thereafter continued under a physician’s care for approximately an additional month. However, her hospitalization had not prevented her from leaving the hospital as early as June 27, 1972 to “go down to issue a warrant for what happened”; she also left the hospital at times to go home and check on their children. During the month after she left the hospital and was still under the doctor’s care, the record shows she would go out to her sister-in-law’s house for dinner. Both at the hospital and afterwards, there was no time, according to her own testimony, when she was completely incapacitated or when she was unable to walk around or function normally. Nevertheless, the County Court went on to find “as a fact that the victim was unavailable to the People as a witness during such period of time, i.e., nine weeks, and that such period of delay is to be excluded from the time within which the People should have been ready for trial.” The Appellate Division affirmed that determination.
CPL 30.30 is the culmination of a great deal of legislative and judicial concern with delay in dispositions of criminal cases. Prior to its enactment, the statutory provisions dealing with the speedy trial problem were to be found in section 12 of the Civil Rights Law and in section 8 of the Code of Criminal Procedure.[1] While they guaranteed every defendant the right to “a speedy trial”, they did not define that phrase in terms of specific time periods or guidelines. “Undue delay” was, therefore, held to depend " 'upon the circumstances of each particular case’ ” (People v Prosser, 309 NY 353, 357 [Fuld, J.]; accord People v Kelly, 38 NY2d 633, 636; People v Imbesi, 38 NY2d 629, 631; People v Taranovich, 37 NY2d 442, 445; cf. People v Johnson, 38 NY2d 271). And “good cause” for delay was held to exist when delay, though extensive, was not “chargeable to the prosecutor and * * * occurred for reasons beyond his control or the control of the court” (People v Ganci, 27 NY2d 418, 423).
*892 Students of these standards and of similar ones employed in some of our sister States concluded that they were too imprecise to insure speedy trial (see, e.g., President’s Commission on Law Enforcement and Administration of Justice, The Challenge of Crime in a Free Society, p 155 [recommending that the period from arrest to trial of felony cases not be more than four months]; ABA Project on Minimum Standards for Criminal Justice, Standards Relating to a Speedy Trial, § 2.1, pp 14-15, and commentary thereunder). Based in part on such studies CPL 30.30, which flowed from a confluence of legislative and judicial thinking, established the concept of fixed periods of time within which criminal actions must be brought to trial (see Denzer, Practice Commentary, McKinney’s Cons Laws of NY CPL 30.30 [1976-1977 Supp], p 37; People ex rel. Franklin v Warden, 31 NY2d 498, 502).[2] To achieve its purpose, it provides, in no uncertain terms, that a motion to dismiss an indictment on the ground of denial of a speedy trial must be granted if the People are not ready for trial within six months of the commencement of a criminal action in which a defendant is charged with a felony (CPL 30.30, subd 3). The only exceptions are for the circumstances enumerated in CPL 30.30 (subd 4) (see People v Sturgis, 38 NY2d 625, 627).
We turn then to the case at hand. Measured, as the time must be, from the filing of the complaint to the date of the plea, eight months and six days elapsed. The delay therefore exceeded the permissible perimeter of six months by two months and six days. In the face of those figures, the District Attorney argues that the nine-week exclusion found by the Albany County Court on the remand from the Appellate Division was the equivalent of a continuance under CPL 30.30 (subd 4, par [g]) which provides that "the period of delay resulting from a continuance granted at the request of a *893 district attorney [must be excluded] if (i) the continuance is granted because of the unavailability of evidence material to the people’s case, when the district attorney has exercised due diligence to obtain such evidence” (emphasis supplied).
The difficulty with that argument is that there is nothing in this case on the basis of which that exception may be invoked. In order for the period of a continuance to be excluded, the spirit and language of the statute requires that it be requested prior to the expiration of the six-month period. No nunc pro tunc excuse is authorized and none can be implied. At the time of the denial of defendant’s motion to dismiss, no continuance had been requested by the District Attorney. The excuse that the complaining witness had at one time been incapacitated, wholly or in part, had not even been advanced. There had been no assertion that Mrs. Goodman had been found to be unavailable. Indeed, there was no occasion for the prosecution to claim that any due diligence on its part had met with frustration. The People just were not ready within the applicable time period and made no effort to stop the clock. It follows that they failed to carry their burden on the initial appeal to the Appellate Division and remission for an evidentiary hearing, the latter held long after the six-month time period had run. For, if the circumstances here are to be regarded as within the "exceptional” ones contemplated by CPL 30.30 (subd 4, par [g]) the partial and temporary indispositions of health to which a large portion of our population are subject as a normal concomitant of living would be sufficient to rationalize ignoring the statute’s mandated time periods in most cases.
Moreover, even when timely made, a reason given for a continuance must relate to the cause for the delay (People v Sturgis, 38 NY2d 625, supra; cf. People v Patterson, 38 NY2d 623). In the Sturgis case, for example, the defendant had absconded, but we dismissed because there had been no causal connection between the defendant’s disappearance and the People’s delay in securing the indictment until after the six-month statutory period had elapsed. The case before us presents analogous circumstances. Mrs. Goodman’s disability, such as it was occurred during the first nine weeks of the six-month statutory time period; notably, there is nothing to indicate that she was unable to attend before the Grand Jury, even during the early weeks; undisputably, she was fully available thereafter. Specifically, it is not claimed that she at *894 any time was unable to provide the prosecution with the cooperation needed or requested in preparation for trial or for presentation of its case. The statute was simply ignored.
Accordingly, unless the achievement of the statute’s purposes is to be vitiated, the indictment should have been dismissed.
Chief Judge Breitel and Judges Jasen, Gabrielli and Jones concur in memorandum; Judge Fuchsberg dissents and votes to reverse in a separate opinion; Judge Wachtler dissents and votes to reverse in the following memorandum: I agree with Judge Fuchsberg that the indictment should be dismissed pursuant to CPL 30.30 since more than six months had elapsed and there was no basis for excusing or excluding any period of the delay; Judge Cooke taking no part.
Order affirmed.

. CPL 30.30 became effective April 28, 1972. Prior to that date, CPL 30.20, in essence, continued prior law.

. The fixed time concept was first adopted by the rules of the Administrative Board of the Judicial Conference. Before their effective date, however they were embraced by CPL 30.30, which expressly superseded the rules (L 1972, ch 184, § 5). The State Crime Control Commission, noting that the public, defendants and victims of crime all have a strong interest in the prompt trial of criminal causes, recommended approval of CPL 30.30 in a memorandum approving the time period definition in the following language: "The speedy trial rules promulgated by the Administrative Board of the Judicial Conference requiring the trial of all criminal charges within six months of initiation establish a goal to which the efforts of the entire criminal justice system should be directed and an appropriate standard by which its performance can be measured. This bill shares the same goal” (1972 McKinney’s Session Laws of NY, p 3260).