■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL SALATINO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 10, 1975, convicting him of criminal possession of a dangerous drug in the third degree (Indictment No. 1374/74) and various misdemeanors (Indictment No. 2960/73), upon a jury verdict, and imposing sentence. Judgment modified by reversing the conviction of criminal possession of a dangerous drug in the third degree, and the sentence imposed thereon, and Indictment No. 1374/74 is dismissed. As so modified, judgment affirmed. The People consent to a reversal and dismissal of the narcotics conviction and properly concede that defendant was denied his statutory right to a speedy trial on that charge (see CPL 30.30, subd 1, par [a]; see, also, *People v Sturgis,* 38 NY2d 625). However, it appears that the People were ready to go to trial on the misdemeanor charges within six months of the commencement of the criminal action thereon, and we calculate that less than four months of delay is attributable to the People. It cannot be presumed that the People would not have promptly proceeded to prosecute the misdemeanor charges had their request for an adjournment been denied. Nor can it be presumed that the People were not ready for trial at all other times when the case was adjourned on consent or at defendant's request. Martuscello, J. P., Shapiro, Cohalan and Margett, JJ., concur.