opinion of the court
Herbert A. Posner, J.
When a Criminal Court Judge tells the defense attorney he may have a two-month adjournment so that he (the attorney) can get married, is that two-month period excludable for CPL 30.30 (speedy trial motion) purposes? CPL 30.30 (subd 4, par [b]) specifically excludes: “the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel.” Relying on the language in the statute plus the Judge’s statement to both attorneys (including his marking on the Criminal Court file) that the two months were excludable under CPL 30.30, the District Attorney’s office thought they were well within the statutory bounds when the defense brought this CPL 30.30 motion. However, “It ain’t necessarily so, the things that they say in the CPL.”[1]
The period between the filing of the Criminal Court complaint and the filing of an information or indictment is a legal “no man’s land” for the prosecution because in no event can the People claim they are ready for trial during that period.[2] The People must file a prosecutorial instrument before they can proceed to try the defendant. The complaint merely advises the defendant of the charges on which he has been arrested and serves (for dangerous *105 individuals who may not return to court) as a means whereby the defendant can be held by the authorities (either via a high bail or outright remand).
The dilemma faced by prosecutors during this period is exposed when a defendant makes a motion to dismiss the case under CPL 30.30. The Court of Appeals has already held that during this “no man’s land” period between the filing of the accusatory and prosecutorial instruments, the time a defendant is absent or unavailable is not excludable, even though CPL 30.30 (subd 4, par [c]) specifically says it is. (People v Sturgis, 38 NY2d 625; People v Colon, 59 NY2d 921.) This court now further finds if during this “no man’s land” period, the defendant or his attorney requests an adjournment, that time is not automatically excluded in computing the time within which the People must be ready for trial, even though CPL 30.30 (subd 4, par [b]) specifically says it is.
The indictment in this case charges the defendant with two counts of operating a motor vehiclé under the influence of alcohol committed on or about April 9, 1983, in the County of Queens. A hearing was held before me on June 20, 1984, on the defendant’s motion to dismiss the indictment upon the ground of denial of a speedy trial. The question raised by the evidence adduced at this hearing is whether in computing the six-month period specified in CPL 30.30 (subd 1, par [a]), the period of time the case was adjourned at the request of the defendant or his attorney must be excluded.
FACTS
On April 10, 1983, the defendant, Charles Wilson, received a desk appearance ticket returnable May 12, 1983, charging him with driving while intoxicated. The defendant failed to appear on the return date and a bench warrant was issued for his arrest after a felony complaint was filed by the arresting officer, charging the defendant with two counts of operating a vehicle under the influence of alcohol committed on April 9, 1983. The defendant was brought before the court on the warrant on May 17, 1983, at which t.'me the warrant was vacated and the case adjourned to June 3, 1983, in order for the defendant to retain an attorney.
*106 On June 3, 1983, defense counsel advised the court that he had just been retained and, at his request, the case was adjourned to June 30, 1983. On the adjourned date, after an off-the-record conference at the Bench with defense counsel and the Assistant District Attorney, the court announced that the defendant’s attorney was getting married and adjourned the case to August 31, 1983. On the court papers for both June 3 and June 30,1983, preprinted indorsements are circled indicating that the adjournments were requested by the defense and that the defendant and his attorney were both present each time.
On August 31, 1983, the case again appeared on the Criminal Court Calendar. At that time, it was adjourned to October 14,1983, and while the preprinted indorsement on the court papers is circled indicating that it was a consent adjournment, there is also the following handwritten notation: “Final against People, Grand Jury or dismissal.” On October 14, 1983, the Criminal Court papers simply contain the handwritten notation: “People not ready, case is dismissed.” The defendant was then indicted on January 6, 1984, for two counts of operating a vehicle on April 9,1983, while under the influence of alcohol as a felony.
CONCLUSIONS OF LAW
For purposes of this motion to dismiss on the ground of denial of a speedy trial, the action must be deemed to have been commenced on May 17, 1983, the date the defendant first appeared in Criminal Court in response to the desk appearance ticket. (CPL 30.30, subd 5, par [b].) Almost eight months transpired between that date, when a felony complaint was filed, and January 6,1984, when the defendant was indicted. The People cannot be considered ready for trial on a felony complaint until an indictment has been filed. (People v Sturgis, supra; also see People v Colon, supra.) Accordingly, the defendant’s motion to dismiss must be granted in this case unless there is a sufficient period of delay, during the “no man’s land” period between May 17,1983 and January 6,1984, that is excludable so as to reduce the time the People were required to be ready for trial to less than six months.
CPL 30.30 does provide in paragraph (b) of subdivision 4 that in computing the time within which the People must *107 be ready for trial, there must be excluded “the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel.” The People, relying on this provision, and a statement contained in People v Sturgis (supra), contend that the period from May 17, 1983 to August 31, 1983, must be excluded since the adjournments granted for that time period were at the request of the defendant or his attorney.
In the Sturgis case (supra) a felony complaint was filed on April 2, 1983, but the defendant was not indicted until November 2, 1983. In computing the period during which the People were not ready for trial, the Court of Appeals, citing CPL 30.30 (subd 4, par [b]) stated it was deducting “a delay of nine days, from April 7 to April 16, 1973, occasioned by defendant’s counsel’s request for an adjournment”. (People v Sturgis, 38 NY2d, at p 627.) It is this statement in Sturgis on which the People rely in this case. In so doing, they are misled by what appears to be a per se rule that all requests by the defendant for an adjournment are excludable. Again, it “ain’t necessarily so”. The question is: Did the defendant’s request for an adjournment impede or prevent the People from proceeding to indictment? Not mentioned by the Sturgis court was the underlying reason for the defense request in that case. A search of the Sturgis record discloses a reason that “impeded” prosecution.[3]
While the Sturgis opinion (supra) contains a passing reference to a nine-day delay occasioned by the defendant’s request for an adjournment, the real issue in that case was whether the defendant’s absence or unavailability prior to the time the indictment was filed was excludable. The female defendant was absent for a period of 2XA months prior to indictment and the People contended that this time should have been excluded in computing the six months within which the People had to be ready for trial. They relied on CPL 30.30 (subd 4, par [c]) which provides that “the period of delay resulting from the absence or unavailability of the defendant” must be excluded in computing *108 the statutory time limit. The court in Sturgis concluded that there must be more than mere absence or unavailability, delay must result therefrom and found that the defendant’s absence “did not result in a delay, attributable to her, since the finding of the indictment was in no way impeded or prevented by the absence.” (People v Sturgis, supra, at p 628.) Similarly, in People v Colon (supra), the Court of Appeals affirmed a lower court decision which held that the time of defendant’s absence was not excludable in a misdemeanor case where the People did not file an information within the statutory time limit. The lower court observed that: “The Legislature did not contemplate that the periods of exclusion provided for in CPL 30.30 (subd 4) might be used in advance by a prosecutor to justify delay in completing fundamental tasks which remained totally within his control. The excludable events enumerated in subdivision 4 exist, rather, as defenses available to the prosecutor who, after having done all that could reasonably be expected of him, might wish to explain why he could do no more within the statutory time frame. CPL 30.30 was intended to eliminate unjustified delays; in no respect was it intended to provide a reward or incentive for delay”. (People v Colon, 110 Misc 2d 917, 921-922.)
The language of CPL 30.30 (subd 4, par [b]), upon which the People rely in the instant case, is the same as that of CPL 30.30 (subd 4, par [c]) which was the subject of consideration in the Sturgis and Colon cases (supra), in that both require that the period of delay result from the stated occurrence. Under paragraph (c), it is the defendant’s absence or unavailability, and under paragraph (b), it is a continuance granted at the request or with the consent of the defendant or his attorney. It follows that the court, in computing the time within which the People must be ready for trial, cannot exclude a period of delay in either of these events unless the stated occurrence occasioned that delay. The fact that an adjournment was granted at the request of, or with the consent of, the defense, therefore, will not automatically exclude the period of that adjournment. Unless such an adjournment delays the prosecution, it is not excludable in computing the time within which the People must be ready for trial.
*109 The adjournments granted in this case on May 17,1983, in order for the defendant to retain counsel, and on June 3, 1983, because counsel had just been retained, could presumably have delayed the filing of the indictment. The defendant was entitled to consult with an attorney before deciding whether to request an appearance before the Grand Jury. If the People had proceeded to the Grand Jury without affording him this opportunity and then the defendant decided to appear, the indictment would have been invalid. (CPL 190.50, subd 5.) However, when the case appeared on the Criminal Court Calendar on June 30, 1983, the defendant did not request to appear before the Grand Jury and the People do not contend, nor is there any evidence in the record to support a finding, that they were ready to dispose of the case either by plea or a felony hearing.[4] As the Criminal Court Judge who adjourned the case to August 31, 1983, stated, on the record, that adjournment did not prejudice the People since they had the right to go to the Grand Jury.[5]
The record of the proceedings in Criminal Court does not establish that the adjournment granted at the request of defense counsel on June 30,1983 impeded or prevented the finding of the indictment and the People have not presented any evidence outside the record to support such a conclusion. There being “neither proof nor finding in the record” that the adjournment from June 30 to August 31, 1983, delayed obtaining the indictment, that period cannot be excluded in computing the time within which the People had to be ready for trial. (People v Williams, 56 NY2d 824, 826.) The People concede that the subsequent adjournment to October .14, 1983, is not excludable since it was not requested by defendant or his attorney. The period from October 14,1983, when the case was dismissed in Criminal Court for failure to prosecute, to January 6,1984, when the indictment was filed against the defendant, is also not excludable. The People’s statutory obligation to be ready for trial within six months after commencing a felony *110 action is not postponed when the felony complaint is dismissed because of the prosecutor’s inexcusable failure to prosecute. (People v Osgood, 52 NY2d 37; People v Lomax, 50 NY2d 351.) This nonexcludable period from June 30, 1983 to January 6, 1984, exceeds six months.
Accordingly, the defendant’s motion to dismiss pursuant to CPL 30.30 on the ground of denial of a speedy trial is granted.

. From the operetta, “Porgy and Bess” composed by George Gershwin with the word “CPL” substituted for the word “Bible”.

. A criminal action is commenced by the filing of an accusatory instrument (CPL 1.20, subd 17). However, the right to prosecute does not commence until either an indictment or an information is filed (CPL 1.20, subd 24).

. In the Sturgis case, the adjournment in the Criminal Court was requested by the defense for a “disposition date”. (People v Phillips, NYLJ, May 6, 1981, p 11, col 4.)

. While the court papers contain a notation that the adjournment on June 30,1983, was granted at the request of the defense, there is no indication that the People had any witnesses present, nor that they were ready to proceed with a felony hearing on that date. (See People v Berkowitz, 50 NY2d 333; People v Hamilton, 46 NY2d 932.)

. Minutes of Criminal Court proceedings in Part ID on docket 3Q011739 on June 30, 1983.