OPINION OF THE COURT
Renee A. White, J.
The defendant is charged with criminal possession of a controlled substance in the seventh degree (Penal Law *1045 § 220.03). She has moved for an order dismissing this criminal action, claiming to have been denied her right to a speedy trial pursuant to CPL 30.30. The defendant, however, had absented herself from the court’s jurisdiction for four months. This court is thus called upon to determine the effect of that absence in view of the 1984 amendment to CPL 30.30 (4) (c).
THE FACTS
This proceeding was commenced on October 19, 1985 when the defendant was arraigned on a felony complaint charging a violation of Penal Law § 220.16. On November 18, 1985, the People reduced the charge to the misdemeanor Penal Law § 220.03 and filed a laboratory report. The People are required to be ready to proceed within 90 days of the date of this reduction. (CPL 30.30 [5] [c].)
The matter was adjourned for the filing of motions. On the return date, December 18, 1985, the People announced their readiness for trial. The defendant did not appear and a warrant was issued for her arrest. No motions had been filed.
On April 29, 1986, the defendant appeared involuntarily to answer the warrant. (She had been arrested for a new offense.) The warrant was vacated at that time and the court ordered the People to produce another laboratory report on June 10, 1986. On May 21, 1986, the defendant filed this speedy trial motion on the District Attorney. On June 10, 1986, the case was adjourned to June 26, 1986 for a response to this motion and for the duplicate laboratory report. The People did not file a response until August 4, 1986. At that time, the matter was adjourned for decision.
DISCUSSION OF CPL 30.30 (4) (c)
The most significant portion of the time at issue concerns the period during which the defendant absented herself from the court. The defendant contends that such time is chargeable against the People unless the People show they exercised due diligence in obtaining her presence in court. The People’s response, to this court’s chagrin, does not discuss this issue.
Resolution of this issue turns on an interpretation of CPL 30.30 (4) (c). Prior to August 4, 1984, CPL 30.30 (4) (c) read as follows:
"In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded * * *
*1046 "the period of delay resulting from the absence or unavailability of the defendant. A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence. A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence”.
This section was amended to correct a perceived problem created by two Court of Appeals decisions strictly interpreting the excludable time periods. People v Sturgis (38 NY2d 625 [1976]), which involved a felony complaint, provided that defendant’s mere absence or unavailability did not toll the time within which the People must be ready for trial. In 1983, the rule was made applicable to misdemeanors by the Court of Appeals in People v Colon (59 NY2d 921 [1983]). Those decisions resulted in hundreds of dismissals of cases notwithstanding the defendants’ voluntary absence.
The amended version reads as follows:
"In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded * * *
"the period of delay resulting from the absence or unavailability of the defendant or, where the defendant is absent or unavailable and has either escaped from custody or has previously been released on bail or on his own recognizance, the period extending from the day the court issues a bench warrant pursuant to section 530.70 because of the defendant’s failure to appear in court when required, to the day the defendant subsequently appears in the court pursuant to a bench warrant or voluntarily or otherwise. A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence. A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence” (emphasis supplied to indicate amendment).
Following the passage of this amendment, there have been different interpretations among the courts regarding whether the due diligence requirement continued to apply in situations where a court has issued a bench warrant (see, e.g., People v Richberg, 125 Misc 2d 975 [Crim Ct, NY County 1984]; People v Stefanidis, 130 Misc 2d 238 [Justice Ct, Monroe County *1047 1985]). However, a thorough review of the legislative history indicates that the purpose of the amendment was to exclude from statutory speedy trial considerations, the period of time during which a defendant, who is the subject of a bench warrant, voluntarily fails to appear in court without requiring the People to demonstrate they exercised due diligence to secure that defendant’s return to court.
The amendment was part of the Governor’s 1984 legislative program. In his memorandum, Governor Cuomo stated that the proposal "exclude[s] from the period within which a prosecutor must be ready for trial the period extending from the day on which a bench warrant is issued for a defendant who is absent or unavailable because he has escaped from custody or has failed to appear in court when required, to the day on which the defendant subsequently appears in court pursuant to a bench warrant or voluntarily or otherwise.” (Governor’s memorandum, 1984 McKinney’s Session Laws of NY, at 3628.)
Judge Joseph Bellacosa similarly stated in the practice commentary to the amendment of CPL 30.30 (4): "This 1984 Governor’s program legislation is intended to relieve prosecutors of the burdens of presenting cases to the grand jury and filing informations in misdemeanor cases after defendants have jumped bail. It serves a salutory purpose since there is no need to afford additional speedy trial protection to an absconder who is the subject of an outstanding bench warrant.” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30, p 47 [1986 Supp].)
To require the People to exercise due diligence to locate a defendant who voluntarily absconds would place an unduly harsh burden on the People. Statistics maintained by the Warrant Division of the New York City Police Department indicate that there are over 100,000 outstanding bench warrants in the City of New York for the period covering 1976-1986.
Surely logic dictates that defendants who voluntarily evade the court process should not reap any rewards from their absence. Such a result would only encourage defendants to flee the court’s jurisdiction. This is especially so here. The People announced their readiness for trial but could not proceed solely because the defendant absented herself from the court. Thus, the court holds that it is not necessary for the People to show due diligence to locate a defendant who has *1048 voluntarily absented himself.* Therefore, the four-month period of time during which the defendant was absent pursuant to a bench warrant is excludable.
CONCLUSION
The court makes the following determination. The period from the arraignment (Oct. 19, 1985) until the reduction of the charge to a misdemeanor is excludable (CPL 30.30 [5] [c]). The time for the filing of motions and the time during which the defendant absconded is excludable. Subsequent to the defendant’s return on the warrant (Apr. 29, 1986) the court ordered an adjournment to produce a new laboratory report. However, since a laboratory report had previously been filed, this should be considered a court adjournment and is not chargeable. The speedy trial motion was filed on May 21, and the People were to respond on June 26, 1986. That time is excludable. However, the People failed to respond until August 4, 1986, and that time period (39 days) is includable time.
Thus, the total amount of includable time is 39 days. The People having been ready well within the 90-day statutory limitation, the defendant’s motion to dismiss is denied.

 The Appellate Division, First Department, recently, in dicta, indicated that due diligence would not be required where a bench warrant issued after the defendant failed to appear in court. (People v Walker, — AD 2d — [1st Dept 1986].)