■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE MASON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered April 2, 1984, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the fourth degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Lakritz, J.), of those branches of the defendant's pretrial motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

The arresting officers observed the defendant and his two companions peer into car windows in a motel parking lot, follow the complainant into the motel and flee from the motel minutes later. This, in conjunction with the statement from the complainant that he had just been robbed by three persons, provided the officers with probable cause to arrest the defendant. Thus, the hearing court did not err in denying that branch of the defendant's motion which was to suppress physical evidence and identification testimony on the basis that he was arrested without probable cause.

The jury's verdict was not against the weight of the evidence *(see, People v Bigelow,* 106 AD2d 448). Although the complainant's testimony contained minor inconsistencies, its accuracy and credibility was primarily for the jury to determine *(see, People v Herriot,* 110 AD2d 851; *People v Bigelow, supra),* and there is no basis in the record at bar to warrant this court's interference with its determination.

The trial court did not err in denying the defendant's motion for a mistrial on the basis that the jury was permitted to see the screwdriver which was allegedly recovered from the defendant at the time of his arrest but which was not admitted into evidence, since any prejudice suffered by the defendant was cured by the court's curative instruction to the jury.

In any event, it appears that the People established an adequate predicate for the admission of the screwdriver into evidence *(see, People v Pena,* 50 NY2d 400, *cert denied* 449 US 1087; *People v McGee,* 49 NY2d 48; *People v Julian,* 41 NY2d 340).

The defendant's contention that his conviction of robbery in the first degree requires the dismissal of the remaining counts is without merit, since robbery in the second degree as defined in Penal Law § 160.10 (1), criminal possession of a weapon in the fourth degree and criminal possession of stolen property in the third degree are not inclusory concurrent counts of robbery in the first degree as defined in Penal Law § 160.15 (3) *(see,* CPL 300.30 [4]; *People v Glover,* 57 NY2d 61; *People v Green,* 56 NY2d 427; *People v Perez,* 45 NY2d 204; *People v Zada,* 82 AD2d 926).

The sentence the defendant received was not unduly harsh or excessive and there are no extraordinary circumstances present which would warrant disturbance of the sentencing court's exercise of discretion *(see, People v Suitte,* 90 AD2d 80).

We have considered the remaining contentions raised by the defendant and his attorney and find them to be either unpreserved for our review or without merit. Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.