■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE LISS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Ain, J., at sentence; Winick, J., at hearings and trial), rendered February 1, 1983, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Winick, J.), of the defendant's motion to dismiss the indictment on the ground that he was denied a speedy trial.

Ordered that the judgment is affirmed.

The defendant's argument that his guilt was not proven beyond a reasonable doubt is devoid of merit. Upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Similarly meritless is the defendant's contention that the court erred in refusing to charge criminal possession of stolen property in the third degree as a lesser included offense with respect to the charge of robbery in the first degree. The former is not an inclusory concurrent count with respect to the latter (see, People v Mason, 128 AD2d 812). Furthermore, there is no rational view of the evidence which could have led the jury to conclude that the defendant in this case committed the lesser offense, but not the greater (see, People v Glover, 57 NY2d 61).

We also find that the defendant was not deprived of his statutory right to a speedy trial (see, CPL 30.30). The court determined, after a hearing, that the defendant was originally charged with this crime by way of a felony complaint filed on March 12, 1981. The defendant was indicted on July 20, 1981. However, the defendant was a fugitive from justice until his arrest on February 8, 1982. It was not until February 9, 1982 that the defendant was arraigned on the indictment, and it was not until December 2, 1982 that the trial commenced.

Pursuant to CPL 30.30 (1) (a), the People had until September 12, 1981 (six months after the filing of the felony complaint) to bring the defendant to trial (see, People v Osgood, 52 NY2d 37; People v Lomax, 50 NY2d 351). However, this six-month time limitation must be extended to account for certain delays which the Legislature has mandated must be charged to the defendant, rather than the People.

In the case now under review, the court found that all of the adjournments which occurred after the defendant's arrest on February 8, 1982, and the commencement of the trial on December 2, 1982, were attributable to the defendant, with three exceptions: (1) a 34-day adjournment of the defendant's pretrial omnibus motion at the request of the People, (2) a seven-day adjournment of the trial at the request of the People, and (3) a two-day adjournment of the defendant's speedy trial motion at the request of the People. Thus, of the 297 days which elapsed between February 8 and December 2, 1982, 43 were chargeable to the People, and the remaining 254 days were held attributable to adjournments at the request of, or with the consent of, the defendant (see, CPL 30.30 [4] [b]). On appeal, the defendant does not challenge the determination with respect to the adjournments occurring after his arraignment.

The court also held that the People were not to be charged with the period of time which elapsed between March 12, 1981 (the date of the filing of the felony complaint) and February 8, 1982 (the date of arrest). The court properly found that the police exercised due diligence in attempting to locate the defendant after the filing of the felony complaint, but were unable to do so. It is clear that the defendant was avoiding apprehension, and could not be located, so that he was "absent" within the meaning of CPL 30.30 (4) (c) (see, People v Bratton, 103 AD2d 368, affd 65 NY2d 675).

The defendant argues that, pursuant to the holding of People v Sturgis (38 NY2d 625), the People should be charged

with the period of time which elapsed between March 12, 1981, and July 20, 1981, the date of the indictment. Assuming this argument is correct, it would still appear that 203 days elapsed after the defendant's indictment, during a time when he was absent and thus incapable of being brought to trial. This amount of time, in addition to the 254 days charged to defendant discussed above, sufficiently extends the six-month time limitation so as to warrant the denial of the defendant's speedy trial motion.

Furthermore, we do not consider the holding of *People v Sturgis (supra)* to be controlling in this case. In *People v Worley* (66 NY2d 523, 526), the Court of Appeals indicated that its holding in *Sturgis* was based on the fact that the People had inexcusably failed to file an indictment within six months following the filing of the felony complaint. In the present case, the People *did* file an indictment within that six-month period.

Accordingly, the judgment under review should be affirmed. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.