OPINION OF THE COURT
Marcy L. Kahn, J.
Defendant was arrested on December 31, 1986 and charged with grand larceny in the fourth degree (Penal Law § 155.30 [8]), criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [5]), reckless endangerment in the first *795 degree (Penal Law § 120.25), unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]), and resisting arrest (Penal Law § 205.30). He has moved for an order dismissing the action pursuant to CPL 170.30 (1) (e) on the ground that he has been denied his statutory speedy trial right under CPL 30.30.
The central issue presented is whether, on the facts presented here, the period of time during which the defendant did not appear in court and warrants for his arrest had been issued should be charged against the People.
THE FACTS
The action was commenced on January 1, 1987 when the defendant was arraigned on felony and misdemeanor charges. On January 5, 1987, the People reduced the felony charges to misdemeanors and requested a further adjournment. The People were required to be ready for trial within 90 days of the date of this reduction. (CPL 30.30 [5] [c].)
On February 3, 1987 the defendant did not appear in court and a warrant was issued for his arrest. The People did not then announce their readiness for trial. On March 11, 1987 the defendant was returned on the warrant and the case was adjourned. On March 16, 1987 the People sought a further adjournment for purposes of obtaining a corroborating affidavit. On March 23, 1987 the prosecution did not have the affidavit and again requested an adjournment in order to secure it. On April 9, 1987 the People again were not ready and sought additional time to procure the corroborating affidavit. The presiding Judge adjourned the case until April 22, 1987, indicating on the record of court action: "Adjournment period to be charged under 30.30 CPL.” On April 22, 1987 the People filed a corroborating affidavit and the complaint was converted to an information. This motion followed.
At no time did the defendant ever waive prosecution by information, and the record is devoid of any indication that he requested or consented to any of the adjournments. Notably, at no point during the period from the reduction of the charges to the filing of the corroborating affidavit — a period of 107 days — did the People ever announce their readiness for trial.
LEGAL ANALYSIS
The defense urges that the case be dismissed because 107 days elapsed without the People’s having converted 2 of the 3 *796 complaints[1] to informations and without the People having been ready for trial on any of the 3 dockets pending against defendant. The defendant’s failure to appear on the case for 36 days, it is argued, did not impair the People’s ability to convert the complaints to informations and announce readiness for trial; ergo, this time must be charged against the People (citing People v Colon, 59 NY2d 921 [1983]). The People’s response asserts that a 1984 amendment to CPL 30.30 (4) (c) legislatively overruled Colon, and that the new statute requires that the 36-day period of delay commencing from the day the court issued a bench warrant to the day the defendant subsequently appeared in court be excluded from the time period chargeable to the People.
This court must thus determine what remains of the Colon rule under the new statute, where the defendant fails to appear in court, a bench warrant is issued upon which the defendant is later returned, and the prosecution fails both to file a prosecutable information and to announce readiness within the prescribed period.[2]
The purpose of CPL 30.30, as explained by the Court of Appeals, is to impose upon the prosecution an obligation to be ready to try the case within certain defined time periods. *797 (People v Worley, 66 NY2d 523, 527 [1985].) To meet this obligation, the People must announce on the record their actual, present readiness to try the case. (People v Kendzia, 64 NY2d 331, 337 [1985].) Once the defendant has shown the existence of an unexcused delay greater than three months, the burden of showing that the time should be excluded falls upon the People. (People v Santos, 68 NY2d 859 [1986]; People v Berkowitz, 50 NY2d 333 [1980].)
Prior to August 1, 1984, CPL 30.30 (4) provided as follows: "In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded * * *
"(c) the period of delay resulting from the absence or unavailability of the defendant. A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence. A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence”.
In People v Sturgis (38 NY2d 625 [1976]) and People v Colon (59 NY2d 921 [1983], supra), the provisions of CPL 30.30 (4) (c) were held to require the People to obtain jurisdictionally valid accusatory instruments on which they could proceed to trial prior to claiming that a trial delay resulted from a defendant’s absence and thereby constituted excludable time under the statute. The year after Colon was decided, the Legislature amended CPL 30.30 (4) (c) to provide as follows:
"In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded * * *
"(c) the period of delay resulting from the absence or unavailability of the defendant or, where the defendant is absent or unavailable and has either escaped from custody or has previously been released on bail or on his own recognizance, the period extending from the day the court issues a bench warrant pursuant to section 530.70 because of the defendant’s failure to appear in court when required, to the day the defendant subsequently appears in the court pursuant to a bench warrant or voluntarily or otherwise. A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence. A defendant must be considered unavailable whenever his location is *798 known but his presence for trial cannot be obtained by due diligence”. (Emphasis added to indicate amendment.)
Does the 1984 amendment require the exclusion of the time during which the defendant did not appear in court in this case? I think not.
The apparent intent of the Legislature in enacting the amendment was to alleviate the prosecutor’s obligation of preparing a case for trial when the defendant had absconded and a bench warrant had issued for his arrest. The bill was part of the Governor’s 1984 legislative program, and in his legislative memorandum submitted in support of the amendment, the Governor stated that the bill would:
"exclude from the period within which a prosecutor must be ready for trial the period extending from the day on which a bench warrant is issued for a defendant who is absent or unavailable because he has escaped from custody or has failed to appear in court when required, to the day on which the defendant subsequently appears in court pursuant to a bench warrant or voluntarily or otherwise.
"The bill is intended to correct a problem created by the Court of Appeals decision in People v. Sturgis * * * [in which] the Court ruled that the absence or unavailability of the defendant did not prevent the filing of an indictment and that, therefore, failure to file an indictment did not 'result from’ the defendant’s absence * * *
"The statutory interpretations in Sturgis and Colon have caused the unwarranted loss of otherwise meritorious prosecutions, and the unjustifiable expenditure of the time and resources of prosecutors, grand juries, victims and witnesses. This bill legislatively overrules the Sturgis and Colon decisions” (Governor M. Cuomo, mem, 1984 McKinney’s Session Laws of NY, at 3628, 3629).
Similarly, the 1984 Practice Commentary to the new CPL 30.30 (4) (c) stated: "This 1984 Governor’s program legislation is intended to relieve prosecutors of the burdens of presenting cases to the grand jury and filing informations in misdemeanor cases after defendants have jumped bail. It serves a salutory purpose since there is no need to afford additional speedy trial protection to an absconder who is the subject of an outstanding bench warrant.” (Bellacosa, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30, 1987 Pocket Part, at 52.)
The new provision did provide the People with an alterna *799 tive to satisfying the dictates of Sturgis (supra) and Colon (supra). To successfully rely on CPL 30.30 (4) (c) to exclude time due to a defendant’s absence, the People now may show either that the delay resulted from the defendant’s absence or unavailability (as was required under the old law), or, in the alternative, that a bench warrant was outstanding and that the defendant was "absent” or "unavailable” as those terms are defined in the statute. The relief given to prosecutors under the new law, therefore, is that proving the delay to have been the result of the defendant’s absence or unavailability is no longer required, provided that the defendant is shown to be absent or unavailable and a bench warrant has issued.
In the present case, the People did not allege any facts in their "answering affirmation” indicating that the delay "resulted from” defendant’s absence. Thus, as was true in Colon (supra), the defendant’s failure to appear in court during part of the 90-day period neither prevented the People from converting the complaint to an information nor hindered the prosecution’s ability to be ready to try the case. (See, People v Worley, 66 NY2d 523, 526-527 [1985], supra; cf., People v Colon, 59 NY2d 921 [1983], supra.) This is not a case in which the People had announced their readiness for trial but could not proceed solely because the defendant absented himself. (Cf., People v Rodriguez, 132 Misc 2d 1044 [Crim Ct, NY County 1986].) Although subsequent to defendant’s return on the warrant, the People did in this case convert the complaints to informations, at no time did they announce their readiness for trial.
Nor is this a situation, such as occurred in Worley (supra) itself, in which a defendant is estopped from contesting the delay by virtue of his having consented to an adjournment for the making of motions. In Worley, the Court of Appeals clearly distinguished between the excludable period of delay for motions under CPL 30.30 (4) (a), and the includable period under CPL 30.30 (4) (c) when a bench warrant has been issued against the defendant, stating: "The Sturgis and Colon decisions are also distinguishable from these appeals because they address policy concerns unique to subdivision 4 (c). Sturgis and Colon were intended to prevent indefinite delays and prosecutorial inaction in cases involving absent defendants. In such situations, the delay is open-ended in nature, and not subject to the court’s control, thus creating the potential for unjustified and limitless delay. To avoid that prospect, the court interpreted subdivision 4 (c) as requiring that prosecutors *800 obtain an accusatory instrument sufficient for trial before claiming the delay resulted from defendant’s absence. To contrast, adjournments at the defense’s request or with his consent may be granted only with the court’s permission and may be limited by it to a reasonable period of time. Furthermore, exclusions rest generally on theories of estoppel or waiver, and the defendant’s absence is much more equivocal evidence of his consent to delay than are defense motions or requests for adjournments by which defendant impliedly consents to delay (see, People v Parker, 57 NY2d 136).” (66 NY2d, supra, at 527-528.) In sum, Worley does not change the SturgisColon rule interpreting CPL 30.30 (4) (c).
As the People’s answering papers failed to raise any issue of fact as to whether the delay resulted from the defendant’s absence or unavailability, they are left with having to maintain that a bench warrant was issued and that the defendant was "absent” or "unavailable” as those terms are defined under the statute, if the 36-day period is to be excluded.
Contrary to the People’s contention, merely establishing that a warrant was issued does not satisfy the terms of the statute as amended. Such an interpretation ignores the amendment’s explicit language requiring that the defendant be "absent or unavailable,” and violates the principle of statutory construction that every word of a statute is to be given meaning and effect. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 231.) Furthermore, the 1984 amendment left intact the definitions of "absent” and "unavailable” contained in CPL 30.30 (4) (c), and those definitions must be read together with the amendatory language in interpreting the statute as amended. (McKinney’s Cons Laws of NY, Book 1, Statutes § 192.)
This reading of CPL 30.30 (4) (c) is congruent with the legislative intent, which was to relieve the prosecution of its duty to be ready for trial where a defendant was absent or unavailable, a bench warrant was outstanding, and the People could not show that the delay was the result of the defendant’s absence or unavailability. There was no apparent intent to eliminate the requirement that there be some showing that the defendant was either absent (i.e., his location was unknown and he was attempting to avoid apprehension or prosecution, or his location could not be determined by due diligence), or that he was unavailable (i.e., his location was known but his presence for trial could not be obtained by due diligence). Moreover, adherence to these requirements does *801 not undermine the public policy of eliminating unnecessary court and Grand Jury appearances for victims and witnesses, since prosecutors can easily demonstrate due diligence in seeking to locate a defendant without having to inconvenience such parties.
In the present case, the prosecution did not even allege that the defendant was absent, i.e., that his location was unknown and that he was attempting to avoid apprehension or prosecution, or that his location could not be determined by the People’s exercise of due diligence. Neither did the People contend that defendant was unavailable, i.e., that his presence for trial could not be secured with due diligence. In fact, here the People made no averment that they had ever exercised due diligence to attempt to locate the defendant.
People v Bratton (65 NY2d 675 [1985]) is not to the contrary. The delay in indicting the defendant there was the product of the prosecutor’s well-established policy of not indicting defendants who were absent in order to avoid inconveniencing the Grand Jury and its witnesses. The Practice Commentary to the statute, analyzing Bratton, reconciles the decision with the requirements of the 1984 amendment as follows: "Two cautionary notes are in order: 1) the statutory requirement that due diligence be utilized to obtain the defendant’s presence still serves as a prerequisite to the validity of any such policy; and 2) the policy should of course be made known in some fashion prior to the attempt to rely upon it.” (Preiser, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30, 1987 Pocket Part, at 51.) There was no allegation of any such policy having been applicable in this case.
Under these circumstances, the People have failed to meet their burden of demonstrating that the 36-day period in question should be excluded. Therefore, the time during which the defendant did not appear and the People did not file a corroborating affidavit must be charged to the People. A total of 107 chargeable days have elapsed without the People having been ready for trial. The defendant’s motions to dismiss pursuant to CPL 170.30 and 30.30 are granted.

. The District Attorney filed three separate complaints in the instant action, notwithstanding the fact that the allegations of all three instruments relate to the same continuing course of conduct. One of the three complaints, docket No. 7X000055, is a first-party complaint charging resisting arrest, and needed no supporting deposition for conversion to an information. Nonetheless, that docket is subject to the same analysis as the other two dockets with regard to the People’s obligation to make an announcement on the record of their present readiness to try the case. (See, People v Kendzia, 64 NY2d 331 [1985].) Because of the result reached on that issue, I need not decide whether this complaint is facially sufficient under CPL 170.30, 170.35 and 100.40. (Cf., People v Alejandro, 70 NY2d 133 [1987].)

. The results reached by other trial courts which have considered similar issues have not been uniform (compare, People v Verdel, NYLJ, Sept. 9, 1987, at 13, col 3 [Crim Ct, NY County] [holding time excludable]; People v Rodriguez, 132 Misc 2d 1044 [Crim Ct, NY County 1986] [holding time excludable]; and People v Fischer, 132 Misc 2d 258 [Crim Ct, NY County 1986] [dictum: time may be excludable; if warrant is issued and due diligence is shown], with People v Gelfand, 131 Misc 2d 268 [Sup Ct, Kings County 1986] [dictum: time may be includable]; People v Wharton, NYLJ, July 14, 1987, at 14, col 4 [Sup Ct, Kings County] [time includable]; and People v Benitez, Crim Ct, Bronx County, July 30, 1987, Obus, J., dockets Nos. 6X057000, 7X009026 [time includable]). It appears that the First Department has treated the issue only in dictum. (See, People v Walker, 122 AD2d 654, 655 [1st Dept 1986], order entered after remand revd on other grounds 133 AD2d 2 [1st Dept 1987].)