■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MIZELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered January 21, 1983, convicting him of robbery in the second degree, criminal use of a firearm in the second degree and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to dismiss the indictment on the ground that he was denied a speedy trial.

Ordered that the judgment is affirmed.

We find that the defendant was not deprived of his statutory right to a speedy trial *(see,* CPL 30.30). The defendant was originally charged with the commission of the crimes by way of a felony complaint filed on January 19, 1982. Pursuant to CPL 30.30 (1) (a), the People had until July 19, 1982 (six months after the filing of the felony complaint and in this case a total of 181 days) to bring the defendant to trial *(see, People v Osgood,* 52 NY2d 37). It was not, however, until

November 24, 1982 (309 days after the filing of the felony complaint) that the trial was commenced.

When reviewing a defendant's claim that he was denied his statutory right to a speedy trial, the six-month limitation set forth in CPL 30.30 "must be extended to account for certain delays which the Legislature has mandated must be charged to the defendant, rather than the People" *(People v Liss,* 131 AD2d 595, 596, *lv denied* 70 NY2d 714).

Our review of the record reveals that the hearing court properly found that only 98 days (a little over three months) were chargeable to the People and that the remaining delays were attributable to the defendant due to his requests for adjournments as well as the defendant's numerous pretrial motions.

In addition the hearing court properly excluded the time period between August 10, 1982 and September 10, 1982, since this period of delay resulted from proceedings for the determination of the competency of the defendant *(see,* CPL 30.30 [4] [a]).

We also note that since the defendant did not comply with the requirements of CPL 190.50 (5) (a), he did not have a right to have the original indictment dismissed on the ground that he was denied the opportunity to testify before the Grand Jury. Accordingly, we find that the hearing court properly excluded the time period between the dismissal of the original indictment and the filing of the subsequent indictment (May 11, 1982 to July 2, 1982).

We have reviewed the defendant's contention that he was also denied his constitutional right to a speedy trial and find it to be without merit *(see, People v Taranovich,* 37 NY2d 442, 445).

We agree with the hearing court that "the time lag herein is attributable largely to the defendant's machinations". As the hearing court noted, the defendant, acting in a *pro se* capacity, made numerous appearances before various Judges all in an attempt "to run out the clock". This description of the defendant's actions is no better demonstrated than by the defendant's own comments during the various proceedings: "Let the record reflect every time I come to court I'll talk and talk until I get the hell out of here"; "I'm going to be making motions before and when I come back and keep on making and if I get convicted, I'll make more." Kunzeman, J. P., Eiber, Kooper and Harwood, JJ., concur.