■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL J. SMOLEN, JR., Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Garvey, J.), rendered March 15, 1985, convicting him of sodomy in the first degree, sexual abuse in the first degree, unlawful imprisonment, and endangering the welfare of a child, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to dismiss the indictment pursuant to CPL 30.30.

Ordered that the judgment is affirmed.

The felony complaint in this matter was filed in the Village Court of the Village of Tuckahoe on March 31, 1980, and we agree with the hearing court that this represented the "commencement of a criminal action" pursuant to CPL 30.30 (1) (a). Thus, this act began the running of the six-month speedy trial period applicable to felonies (see, People v Osgood, 52 NY2d 37, 44-45). A sealed six-count indictment was filed in the Westchester County Court on October 10, 1980, six months and 10 days later.

The record indicates that the People did not raise their general policy of not indicting absent defendants as influencing the prosecutorial decisions made in this case (see, People v Bratton, 103 AD2d 368, affd 65 NY2d 675), and thus they may not rely on such a policy before this Court. Nevertheless, dismissal is unwarranted.

During the first week of August 1980 the defendant's attorney contacted law enforcement personnel, which reasonably led the Assistant District Attorney then handling the case, as well as his successor, to believe that the defendant was going to surrender in a matter of a few weeks. Based on these representations, a decision was made not to make a presentation to the Grand Jury until the defendant turned himself in so that the complainant, a nine-year-old boy, could make an identification at a lineup.

Failing to hear from the defendant's attorney, the succeeding Assistant District Attorney contacted the attorney by telephone on September 10, 1980, and told him that he wanted the defendant to surrender in order to conduct the lineup. The attorney said that he would encourage this action on the part of his client, and informed the Assistant District Attorney that he would call back as soon as he contacted the defendant. The defendant's attorney was advised that presentment would be held off pending the surrender. Some two weeks later the two spoke again and the District Attorney's office then was informed that there would be no surrender. During this entire period the police continued their efforts to locate and arrest the defendant and were not advised to desist by the District Attorney's office.

In view of the foregoing, the period from the first week of August 1980, when the prospect of a surrender was raised, until the third week of September 1980, when the People learned of the defendant's refusal to surrender, some seven weeks, cannot be charged to the prosecution. During this time, the defendant's absence, coupled with the representations of his attorney, impeded presentation of the indictment (see, CPL 30.30 [4] [c]; cf., People v Sturgis, 38 NY2d 625, 628; see also, People v Williams, 56 NY2d 824). Given the young age of the victim and the serious nature of this crime, the desire for a corporeal identification was understandable and had been communicated to the defendant's counsel as the reason for the delay. This was not a case of inexcusable neglect on the part of the prosecution. Inasmuch as the excludable period exceeds the brief 10-day period at issue, and by a substantial margin, the defendant's speedy trial motion was properly denied.

We have examined the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be either unpreserved for appellate review or without merit. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.