OPINION OF THE COURT
Michelle Weston Patterson, J.
Defendant, Carlos Feliciano, moves to dismiss this indictment on the following grounds:
1. that he has been denied his rights to a speedy trial pursuant to CPL 30.30;
2. in the alternative, the defendant moves to dismiss those counts of the indictment ordered reduced pursuant to CPL 210.20 (1-a) upon the grounds that:
(a) the statutory right to a speedy trial was violated as to those counts; or
(b) the failure of the District Attorney to timely comply with the requirements of CPL 210.20 (6).
The first issue presented by this motion is whether CPL 30.30 requires dismissal of the indictment or counts thereof when the prosecutor fails to take action on an order reducing counts of an indictment under CPL 210.20 (6).
The defendant was arrested on January 23, 1992 and arraigned in the local criminal court the next day. On March 2, 1992, defendant was arraigned in Supreme Court on indictment No. 1110/92. Motion practice was completed on June 9, 1992. The court’s decision dated June 9, 1992 reduced 10 counts of the indictment pursuant to CPL 210.20 (6). Pretrial hearings were commenced on April 15, 1993. On April 26, 1993, a jury panel was summoned to hear the case. The court requested a copy of the accusatory instrument which reflected the reduced charges as per the court’s decision of June 9, 1992. The prosecutor indicated that no action had been taken on the reduced charges. The District Attorney was given the opportunity to dismiss the 10 reduced counts and proceed to trial on the remaining 28 counts of the indictment. The jury panel was discharged upon the prosecutor’s request for an adjournment.
On April 28, 1993, the People filed a new indictment reflect *394 ing the reduced charges and the matter was adjourned for motions.
CPL 210.20 (1-a) provides that the court upon the motion of the defendant shall reduce any count in an indictment when the evidence presented to the Grand Jury was not legally sufficient to establish the commission of the offense charged, but was legally sufficient to establish the commission of a lesser included offense. Upon the granting of an order pursuant to this section, subdivision (6) states that the People shall exercise one of the following three options within 30 days:
(a) file a reduced indictment;
(b) resubmit the subject count or counts to the same or a different Grand Jury;
(c) appeal the order of reduction.
The intent of the statute as to what action the prosecution must take upon the entering of an order reducing counts of an indictment is clear. They must exercise one of the options listed above. The statute, however, is silent as to what action is appropriate to take when the prosecution ignores the mandates of the statute. The legislative intent also fails to provide any direction to the court or provide any remedy to the defendant for a breach of the law. There is no appellate authority on this issue as of date.
In the present case the People failed to comply with the statute until this court brought the omission to their attention some 325 days after a decision was rendered reducing 10 counts of the indictment.
The People contend that they accepted the court’s reduction order and that this is evident by the fact that the case was sent to Trial Assignment Part (TAP) to be sent out for trial without objection by either side.
This argument is illogical and rejected by this court. The People’s position is clearly in direct defiance of the statute’s directives and leaves the defendant without a remedy. It is evident that the People only acted to comply with the statute when they were faced with proceeding to trial without the reduced counts. At this stage of the proceeding, the court is dismissing the 10 counts reduced by the court order dated June 9, 1992. The time periods set forth in the statute are mandatory, not discretionary. In the absence of a legislative direction, this court has no option but to dismiss those counts.
The prosecutor’s argument that the court’s order to reduce an indictment is merely an administerial act and that the *395 court does not lose trial jurisdiction by their failure to comply with this administerial act is also rejected. The defendant cannot be tried on an order reducing an indictment. The court was without jurisdiction to try those counts reduced for a period of over 324 days, a period which exceeds the CPL 30.30 time frame.
Even if the People made an effective announcement of readiness in connection with the first indictment, their failure to take action with respect to the reduced counts invalidated their readiness on those counts. The prosecution could not be ready on the reduced counts because the "absence of a valid indictment * * * was a circumstance that directly impaired their ability to proceed to trial” on those counts. (People v Cortes, 80 NY2d 201, 211, citing People v Colon, 59 NY2d 921, and People v Sturgis, 38 NY2d 625; People v McKenna, 76 NY2d 59, 64.) However, the People’s inability to be trial ready on the reduced counts does not necessarily negate their readiness with respect to the unaffected counts in the indictment (People v Lashway, 187 AD2d 747, 748; see also, People v Papa, 96 AD2d 601).
The defendant contends that the entire indictment must be dismissed because the court was divested of jurisdiction between the order of reduction and the filing of the reduced indictment, a 324-day period.
The court acquired trial or subject matter jurisdiction upon the original filing of the indictment. After the indictment was ordered reduced, the court continued to have before it a valid accusatory instrument, and could have proceeded to trial on the remaining counts at any time the People answered ready. The court, however, was divested of trial jurisdiction as to reduced counts during the period between the order of reduction and the filing of the new indictment. Thus the defendant’s argument that the indictment must be dismissed for lack of trial jurisdiction is without merit.
Finally, the defendant argues that the indictment must be dismissed because the People were not ready to proceed to trial within six months of the commencement of the charges pursuant to CPL 30.30. The defendant alleges that over 324 days have elapsed since the commencement of this action.
The People contend that they made a valid announcement of readiness on February 18, 1992 and remained ready. They concede 127 days should be charged against them.
The court, after a hearing, a review of the moving *396 papers and court file, finds that 212 days are chargeable to the People.
On February 28, 1992, the People answered ready for trial in open court in the presence of defense counsel, although the People contend they filed a written statement of readiness on February 18, 1992, the statement could not be located by either party. The case was adjourned for motions and the People continued to maintain their readiness until July 1, 1992, the date the case was sent to the TAP. The adjournment from July 1, 1992 to July 28, 1992 is chargeable to the People because the Assistant District Attorney was actually engaged.
The next significant time period is the period from September 4, 1992 to January 11, 1993. During this period the case was calendared and adjourned five times, of this 129-day period the People concede that 73 days are chargeable against them.
The court finds from September 4, 1992 until January 11, 1993 the People were not ready to proceed to trial because no Assistant District Attorney was assigned to this case who was capable of doing anything other than answering a calendar call. Any announcement of readiness during this time period is thus illusionary. Therefore, the court charges the entire 112 days against the People. The People failed to set forth any exceptional circumstance which would allow the court to exclude this time period under section 30.30 (4) (g).
In summary the court finds 212 days chargeable to the People and dismisses the remaining counts of this indictment.
[Portions of opinion omitted for purposes of publication.]