■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL LEONE, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Martin, J.), rendered December 9, 1983, convicting him of robbery in the second degree and grand larceny in the third degree, upon a jury verdict, and sentencing him to two concurrent indeterminate terms of imprisonment of 7½ to 15 years and 2 to 4 years, respectively.

Judgment modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment of 7½ to 15 years to a term of imprisonment of 5 to 10 years. As so modified, judgment affirmed.

Although a felony complaint was filed on August 5, 1981, defendant was not indicted until April 16, 1982, and was not arraigned on that indictment until April 26, 1982. This extensive delay was due to the fact that defendant was a fugitive and was not apprehended until just prior to his indictment. Defendant claims that under CPL 30.30 his indictment should be dismissed since there was a delay of more than six months between the commencement of proceedings against him and the announcement of the People's readiness to prosecute. (*People v Sturgis,* 38 NY2d 625.) Defendant claims that his absence in no way impeded the People from securing an indictment and thus the People should be charged with the delay.

However, this court recently held in *People v Bratton* (103 AD2d 368) that the Westchester County District Attorney's policy of not indicting defendants who are unavailable for prosecution was a reasonable exception to the *Sturgis* rule. The rationale of *Sturgis* (*supra*) is an attempt to eliminate unjustified delay created by prosecutorial inefficiency. In our view, the nonindictment policy adopted by the Westchester County District Attorney serves to enhance the capacity and the ability to efficiently prosecute those defendants who are available without infringing unreasonably on the rights of those who are not (*People v Bratton, supra*).

The facts of this case indicate that the Larchmont Police Department exercised due diligence in seeking to locate defendant (see *People v Manley,* 63 AD2d 988). Thus, since Westchester is a jurisdiction that adheres to a policy of not indicting fugitives, and defendant's absence was a factor beyond their

control, the People may not be charged with the period of the absence (*People v Bratton, supra*). The hearing court therefore correctly denied defendant's motion to dismiss the indictment.

We find the sentence imposed on the robbery conviction to be excessive to the extent indicated herein.

We have considered defendant's other claims and find them to be without merit. Weinstein, J. P., Brown, Boyers and Eiber, JJ., concur.