OPINION OF THE COURT
Ronald J. Buttarazzi, J.
A warrant was issued against the defendant Sam Stefanidis on November 20, 1984, based upon several informations for the issuance of bad checks in violation of Penal Law § 190.05. On April 23, 1985, defendant was arraigned in the Perinton Town Court. There were further adjournments presumably chargeable to the defendant after the arraignment until August 6, 1985, when the present motion was made. On August 13,1985, the People announced their readiness for trial.
Defendant has moved to dismiss the information pursuant to CPL 30.30. The issue presented is whether the prosecutor’s statutory obligation to be ready for trial within 60 days after the commencement of a criminal (misdemeanor) proceeeding against the accused is met when more than five months have elapsed since the date of the issuance of the warrant when the People have offered no proof as to any statutory excuse for the delay.
CPL 30.30 (1) (c) provides for the dismissal of a criminal proceeding where the People are not ready for trial within 60 *239 days of the commencement of a criminal action for certain misdemeanors. The People contend that the date of the arraignment commences the criminal proceeding since CPL 1.20 (28) provides " 'Warrant of arrest’ means a process of a local criminal court * * * directing a police officer to arrest a defendant and to bring him before such court for the purpose of arraignment upon an accusatory instrument filed therewith by which a criminal action against him has been commenced.”
However, CPL 120.20 (1) provides: "[xy]hen a criminal action has been commenced in a local criminal court by the filing therewith of an accusatory instrument * * * such court may * * * issue a warrant for * * * defendant’s arrest.” The filing of the accusatory instrument is a prerequisite to the issuance of a warrant. (See, People v Colon, 110 Misc 2d 917, revd 112 Misc 2d 790, revd 59 NY2d 921.) In People v Osgood (52 NY2d 37 [1980]), the court held that the original filing of a felony complaint commenced a criminal action and not a subsequent indictment. In People v Lomax (50 NY2d 351, 356 [1980]), Judge Gabrielli ruled: "there also can be only one date which marks the 'commencement’ of the action, the date on which the first accusatory paper is filed.” The holding in People v Lomax (supra) is consistent with this analysis in that the Court of Appeals presumed that the filing of the accusatory instrument took place contemporaneously with the arraignment. In People v Samuels (49 NY2d 218, 221), the court stated: "the defendant’s right to counsel attached when the felony complaint was filed and the arrest warrant issued * * * This represents a departure from prior law which traditionally regarded arraignment on the warrant as the ' "first stage of the criminal proceeding” ’ * * * We have previously indicated that this rule became obsolete when the CPL was adopted”. It is the filing of the accusatory instrument which triggers the commencement of the criminal proceeding.
CPL 30.30 (4) (c) has been amended to exclude as time chargeable to the People the period during which a bench warrant is outstanding. This changes the ruling in People v Fuggazzatto (96 AD2d 538 [2d Dept 1983]) and People v Mc-Caffery (78 AD2d 1003 [4th Dept 1980]). Unfortunately, CPL 30.30 (4) (c) applies the exclusionary period to bench warrants issued pursuant to CPL 530.70. Therefore, it would appear that the burden of showing an excusable delay where a warrant is issued prior to the defendant’s appearance in court remains upon the People. (People v Sturgis, 38 NY2d 625; People v Williams, 56 NY2d 824.) Indeed, if the Legislature *240 has erected a faulty statutory structure, it is the obligation of the Legislature to repair that structure.
The court in People v Berkowitz (50 NY2d 333, 349 [1980]) stated: "once the defendant has shown the existence of a delay greater than six months, the burden of proving that certain periods within that time should be excluded falls upon the People”.
Unless there is an offer of proof made within seven days of the service of a copy of order based on this decision herein upon the People to show an excuse for the delay cognizable under CPL 30.30, then the criminal proceedings against the defendant are dismissed.