OPINION OF THE COURT
Abraham G. Gerges, J.
The defendant moves to dismiss indictment No. 5129/88. The defendant contends that his statutory rights under CPL 30.30 and 30.20 have been violated.
The court has considered the defendant’s pro se motion papers, defense counsel’s affirmation, and the People’s response.
On April 3, 1991 both the defense counsel and the Assistant District Attorney stipulated on the record that the instant motion was limited to a determination as to the chargeability of the period of time from July 6, 1988 to October 2, 1990. On *22 July 6, 1988 a bench warrant had been issued as defendant failed to appear. On October 2, 1990 after the defendant was arrested for another charge, the warrant was vacated.
CPL 30.30 (1) provides that the People must be ready for trial within six months of the commencement of a criminal action where the defendant is charged with a felony. The period at issue here is approximately 27 months, well in excess of the statutory time period.
CPL 30.30 (4) (c) provides for the exclusion of that: "period of delay resulting from the absence or unavailability of the defendant or, where the defendant is absent or unavailable and has either escaped from custody or has previously been released on bail or on his own recognizance, the period extending from the day the court issues a bench warrant pursuant to section 530.70 because of the defendant’s failure to appear in the court when required, to the day the defendant subsequently appears in the court pursuant to a bench warrant or voluntarily or otherwise. A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence. A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence”.
At issue here is whether the People must exercise due diligence in searching for an absconding defendant where a bench warrant has been issued. (See, People v Richberg, 125 Misc 2d 975; People v Fischer, 132 Misc 2d 258; People v Surita, 137 Misc 2d 794; People v Gaston, NYLJ, Mar. 22, 1988, at 13, col 3; People v Tindal, NYLJ, Aug. 9, 1988, at 20, col 2; see also, mem of Off of Ct Admin, 1984 McKinney’s Session Laws of NY, at 3877 [due diligence required where bench warrant issued];[1] cf., People v Rodriguez, 132 Misc 2d 1044; People v Stefanidis, 130 Misc 2d 238, 239; People v Banham, NYLJ, Mar. 28, 1989, at 27, col 4; People v Vasquez, *23 NYLJ June 26, 1990, at 22, col 4; People v Pottinger, NYLJ, Apr. 18, 1991, at 28, col 2 [no due diligence where bench warrant issued].)
There has been no direct appellate authority on this issue. There is, however, dicta in appellate courts to support those cases which do not require due diligence where a bench warrant has been issued (see, Matter of Randy K., 77 NY2d 398, 406 [dissent, Kaye, J.]; People v Worley, 66 NY2d 523, 526, n 2; People v Walker, 122 AD2d 654, 655; People v Bratton, 103 AD2d 368, 370, n, affd 65 NY2d 675). Further, the Practice Commentary to CPL 30.30 makes no mention of due diligence where a bench warrant has been issued.[2]
In 1990 New York City Supreme Courts dealt with 52,905 criminal cases, and criminal courts with 296,465. Further, presently in New York City there are 435,574 outstanding bench warrants. Included in that total are 20,359 bench warrants issued by Supreme Courts and 90,034 issued by criminal courts in New York City in 1990 alone.
Given the staggering volume of outstanding bench warrants, and the ever-dwindling resources of the criminal justice system, it defies common sense to impose on the People the added burden of showing due diligence where a defendant has absconded. An absconding defendant should not benefit from the commission of the crime of bail jumping.[3]
This court concludes that due diligence is not required where a bench warrant has been issued.
The court has made no determination with respect to any other periods of time. This court has made no determination with respect to the People’s due diligence, as none is required. *24 The People had raised allegations sufficient to warrant a hearing. Further, the court has found the defendant’s CPL 30.20 claims to be meritless (People v Taranovich, 37 NY2d 442).
Defendant’s motion to dismiss the indictment is. denied.

. "This measure would amend paragraph c of subdivision four of section 30.30 of the Criminal Procedure Law to provide that where defendant is absent or unavailable and (1) he has previously been released on bail or on his own recognizance or (2) he has escaped from custody, the period from the date on which a bench warrant for his apprehension is issued to the date he reappears in court is excludable from the time within which the People must be ready for trial. This measure would not affect the People’s obligation to exercise due diligence in attempting to locate defendant during the period of his absence, even where a bench warrant has been issued. ” (Mem of Off of Ct Admin, 1984 McKinney’s Session Laws of NY, at 3877; emphasis added.)

. "The amendment to paragraph (c) of subdivision four now excludes the period extending from the day on which a bench warrant is issued for a defendant who has failed to appear to the day on which the defendant subsequently appears in court pursuant to the warrant or voluntarily or otherwise. Judges and lawyers should become aware that the issuance of the bench warrant has taken on added practical significance for speedy trial computation purposes.” (Bellacosa, 1984 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30,1991 Supp Pamph, at 62.)

. The statutory interpretations of CPL 30.30 (4) (c) "have caused the unwarranted loss of otherwise meritorious prosecutions, and the unjustifiable expenditure of * * * time and resources”. (Governor’s approval mem, 1984 McKinney’s Session Laws of NY, at 3629.)