OPINION OF THE COURT
Larry M. Himelein, J.
Defendant has been indicted for burglary in the third degree *357 (Penal Law § 140.20), grand larceny in the fourth degree (Penal Law § 155.30 [1]) and criminal mischief in the fourth degree (Penal Law § 145.00 [1]). On March 20, 2001, defendant moved to dismiss pursuant to CPL 30.30 alleging that (1) accusatory instruments were filed on October 3, 1998; (2) defendant was arraigned on November 13, 2000; (3) far more than six months had elapsed without the People having declared their readiness for trial; and (4) defendant requested no adjournments and was not absent from the jurisdiction. Therefore, contends defendant, the indictment must be dismissed (see, People v Kendzia, 64 NY2d 331; People v Hamilton, 46 NY2d 932).
The People responded on March 27, 2001, alleging that (1) defendant was arrested and arraigned for these offenses on December 22, 1999; (2) on April 12, 2000, defense counsel sent a CPL 30.30 letter waiving time; (3) the People did not seek an indictment because of the waiver and the possibility of a plea; (4) at a conference on September 26, 2000, the People learned that former counsel no longer represented defendant; (5) on October 25, 2000, defendant was indicted and the People filed and served a statement of readiness; and (6) the arraignment was adjourned from November 27, 2000 to December 5, 2000 at defendant’s request. The affidavit goes on to include some superfluous language relating to the constitutional right to a speedy trial.
A hearing was conducted on April 23, 2001. Detective William Welling of the Cattaraugus County Sheriff’s Department testified that a warrant for defendant’s arrest was issued on October 4, 1998, the same day the accusatory instruments were filed. On two occasions between October 4th and October 8th, Welling went to defendant’s residence in Erie County but was unable to find defendant home. Welling then filed the warrant with his department to be sent to Erie County to be served.
Deputy Anthony Clabeau of the Erie County Sheriff’s Department also testified. He was involved in the initial investigation, and defendant came to see Clabeau to tell him that he had not committed the burglary. Defendant later returned to see Clabeau and brought with him stereo equipment he claimed he had removed from a van because defendant believed it had been stolen during the burglary. When the arrest warrant was later received by his department, Clabeau attempted to serve it at least a half dozen times. One time when officers arrived at defendant’s home, defendant ran out of the house and into the woods. Several times, Clabeau spoke to defendant’s mother *358 and asked her to have defendant turn himself in. Clabeau was also given permission to search the house for defendant but was unable to find him.
On December 9, 1999, Clabeau went to defendant’s residence and defendant’s mother told Clabeau that defendant was not there but offered to let Clabeau search the house. Again, the search was unavailing. However, shortly before he left, Clabeau heard a noise, crawled through a narrow space and found defendant hiding in a confined area. Clabeau then arrested defendant. Thus, after police officers went to defendant’s residence 6 to 12 times, spoke with his parents several times, checked residences in Erie County at least twice, and contacted defendant’s employer, defendant was located and taken into custody.
Analysis
The filing of a felony complaint starts the CPL 30.30 clock (CPL 1.20 [17]; People v Osgood, 52 NY2d 37; People v Lomax, 50 NY2d 351). Since the felony complaint was filed on October 4, 1998, the People had until April 4, 1999, a period of 182 days to declare their readiness for trial (People v Smith, 82 NY2d 676; People v Cortes, 80 NY2d 201, 207, n 3). Here, the People did not declare their readiness until October 25, 2000, some 752 days after the felony complaint was filed. Unless most of this time is excludable, defendant’s motion must be granted.
The period after April 12, 2000 is entirely excludable. Defendant’s attorney specifically waived CPL 30.30 time on April 12, 2000 and that waiver was never rescinded. Thus, the period of 196 days between April 12, 2000 and October 25, 2000, when defendant was indicted and the People announced readiness, cannot be charged to the People (see, People v Trepasso, 197 AD2d 891). Further, there is no claim that any time after October 25, 2000 is chargeable to the People as postreadiness delay. Accordingly, it must be determined how much, if any, of the remaining 556 days is chargeable to the People.
In People v Sturgis (38 NY2d 625), the Court of Appeals held that for time to be excludable under CPL 30.30 (4) (c), more than mere absence or unavailability on the part of a defendant must be shown. The delay must result from the defendant’s absence or unavailability (id.). In Sturgis, the defendant, after being charged by felony complaint, absconded. Because the defendant’s absence, deliberate as it was, did not prevent the People from presenting the case to the Grand Jury, the time *359 was still chargeable to the People (see also, People v Colon, 59 NY2d 921; People v Williams, 56 NY2d 824).
Not surprisingly, there was a strong reaction to Sturgis. Accordingly, in 1984, the Legislature amended paragraph (c) of subdivision (4) to provide that where a defendant either escaped from custody or failed to appear after being released on bail or recognizance and the court issued a bench warrant, the time between issuance of the bench warrant to defendant’s next appearance in court would not count against the People for CPL 30.30 purposes (see, L 1984, ch 670). The Governor’s Memorandum opined that the amendment would legislatively overrule Sturgis and Colon and resolve the problems caused by those decisions.
However, this amendment applied only to cases where a defendant was arraigned on a charge and later failed to appear. As Professor Preiser noted, the amendment did not apply to cases where a complaint was filed and an arrest warrant for a defendant’s arrest was issued but the defendant had never appeared in court (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30, at 172). In those situations, the action is commenced when the complaint is filed and the People are still obligated to be ready within the applicable period (id.).
In 1985, the Court of Appeals decided two cases that narrowed this loophole. In People v Bratton (65 NY2d 675, affg for reasons stated in 103 AD2d 368) and People v Leone (65 NY2d 674, affg for reasons stated in 105 AD2d 757), the Court held that an office policy of not presenting to a Grand Jury cases against absent defendants satisfied the causation requirement contained in the statute (i.e., “a period of delay resulting from the absence or unavailability of the defendant” [emphasis supplied]; CPL 30.30 [4] [c] [i]; see also, Preiser, Practice Commentaries, supra). However, Professor Preiser noted that the amendment did not change the fact that a defendant must be “absent” or “unavailable” under the statute before the People could avail themselves of the exclusion.
In 1993, in People v Bolden (81 NY2d 146), the Court of Appeals, interpreting the 1984 amendments to CPL 30.30, held that notwithstanding a defendant’s failure to appear in court after being released on his own recognizance, the time between the issuance of a bench warrant and the defendant’s return on the warrant is not excludable under CPL 30.30 unless the People establish “due diligence” in attempting to locate the defendant. A similar result was reached in People v Luperon (85 *360 NY2d 71), where the time between the issuance of the bench warrant and the date when efforts were initiated to execute the warrant was charged against the People.
Because these decisions, although consistent with the statutory language, in effect rewarded those defendants who evaded their mandates to appear in court, the Legislature again amended CPL 30.30 (4) (c) to exempt from speedy trial calculations the time during which a bench warrant has been issued for a defendant who has been released on bail or recognizance and fails to appear when required. The toll continues until the defendant appears, whether voluntarily or otherwise, and “due diligence” on the People’s part is not required (CPL 30.30 [4] [c] [ii]; see also, Governor’s Mem approving L 1996, ch 631, 1996 McKinney’s Session Laws of NY, at 1909; Preiser, 1996 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30, 2001 Pocket Part, at 59).
However, the cases and statutory amendments discussed above all concern bench warrants (see, CPL 1.20 [30]) rather than arrest warrants. None of them address the situation posed by this case: a defendant who is the subject of a warrant of arrest (see, CPL 1.20 [28]), and is not apprehended until after the applicable CPL 30.30 period has passed, and the People make no claim of a nonindictment policy.
Because the amendments to CPL 30.30 are inapplicable to these facts, we return to People v Sturgis (38 NY2d 625). There, a felony complaint was filed on April 2, 1973 and the defendant was indicted on November 2, 1973, more than six months after the action commenced. During part of that period, the defendant was absent. Nonetheless, that absence did not result in any excludable delay because it did not prevent the People from obtaining an indictment (38 NY2d at 628). That same situation exists here.
CPL 30.30 (4) (c) (ii) is not applicable because defendant did not escape from custody or fail to appear after being released on bail or recognizance and a bench warrant was not issued. Thus, the provisions of CPL 30.30 (4) (c) (i) control and they require that the delay “result [ ] from” defendant’s absence or unavailability. While the court believes that the hearing testimony established that defendant was “unavailable,” that unavailability did not prevent the prosecution from indicting defendant, announcing their readiness and obtaining a bench warrant, thereby tolling the clock. Alternatively, the People made no attempt to establish at the hearing that they have a policy of not indicting absent defendants (see, People v Bratton, supra; People v Leone, supra; People v Tano, 169 AD2d 878).
*361 The People cannot make a declaration of readiness until they have an accusatory instrument that provides a jurisdictional basis for the court to act (People v Carter, 91 NY2d 795; People v Goss, 87 NY2d 792; People v England, 84 NY2d 1; People v Velie, 193 AD2d 1107). Consequently, they are generally chargeable with the time between the filing of a felony complaint and the defendant’s subsequent arraignment either in the local court or in a superior court on the subsequent indictment (People v England, supra; People v Tinelli, 99 AD2d 672; People v Babcock, 86 AD2d 979; People v Velie, supra; People v Stefanidis, 130 Misc 2d 238; People v Brooks, 149 Misc 2d 955).
At first blush, this court believed that this holding creates yet another CPL 30.30 “loophole” for a defendant seeking to avoid prosecution. After some thought, however, one can ascertain a reason for maintaining a distinction between a defendant who has entered the system and one who has not. A defendant who is the subject of a felony complaint and an arrest warrant may be completely unaware of the charges, notwithstanding that in this case defendant knew the police at least suspected his involvement. Further, the People can insulate themselves from CPL 30.30 dismissals in cases where an arrest warrant is issued either by implementing a nonindictment policy or indicting the case and obtaining a bench warrant. Thus, there appears to be a reason for maintaining a distinction between the subject of an arrest warrant and the subject of a bench warrant for CPL 30.30 considerations.
Because all three of the pending charges were contained in the accusatory instruments filed in the local court (cf. People v Velie, supra), they must all be dismissed.